## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1405


**TIM YOUNG BAKER**

**VERSUS**

**FRANCIS T. DELHOMME, ET AL.**


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2003-3897,
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Michael G. Sullivan, Billy Howard Ezell, and James T. Genovese, Judges.


**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

Robert L. Broussard
Durio, McGoffin, Stagg & Ackermann
Post Office Box 51308
Lafayette, Louisiana 70505
(337) 233-0300
Counsel for Plaintiff/Appellant:
    Tim Young Baker

Jack A. Ricci
Gary J. Giepert
Ricci & Giepert
4016 Canal Street
New Orleans, Louisiana 70119
(504) 523-0700
Counsel for Defendants/Appellees:
    Dennis Brooks
    Stirling Properties, Inc.

**Arthur I. Robison**
**Allen & Gooch**
**Post Office Drawer 3768**
**Lafayette, Louisiana  70502**
**(337) 291-1230**
**Counsel for Defendants/Appellees:**
    **Dennis Brooks**
    **Stirling Properties, Inc.**

**Theodore G. Edwards, IV**
**Steven T. Ramos**
**Davison, Meaux, Sonnier & McElligott**
**Post Office Drawer 2908**
**Lafayette, Louisiana  70502**
**(337) 237-1660**
**Counsel for Defendant/Appellee:**
    **Francis T. Delhomme**

SULLIVAN, Judge.

On July 22, 2002, Dr. Tim Young Baker bought a home in Lafayette, Louisiana, from Francis Delhomme.  After moving into the home, Dr. Baker filed a Petition in Redhibition, for Breach of Agency, and for Damages.  He included his real estate agent, Dennis Brooks, and the real estate agency which employs Mr. Brooks, Stirling Properties, Inc., as defendants.  These defendants filed a motion for summary judgment, which the trial court granted.  For the following reasons, we reverse.

*Facts*

On October 17, 2001, Mr. Delhomme listed his residence for sale with Mr. Brooks and Stirling Properties, Inc.  Dr. Baker contacted Mr. Brooks to see the home.  Mr. Brooks showed the home to Dr. Baker a couple of times.  Dr. Baker did not have his own agent.  After conferring with Mr. Delhomme and Dr. Baker, Mr. Brooks had them sign a "Disclosure and Consent to a Dual Agent Designated Agency."  Thereafter, Mr. Delhomme and Dr. Baker entered into an Agreement to Purchase or Sell the home.  The Agreement provided Dr. Baker the right to have the home inspected.

Dr. Baker sought Mr. Brooks' assistance in the selection of an inspector because he was not a resident of Lafayette and was not familiar with any of the inspectors in the area.  Mr. Brooks chose one inspector from a list of state-certified inspectors maintained by Stirling Properties, Inc.  An inspection was performed on July 3, 2001, by Russell Broussard with Dr. Baker and Mr. Brooks both present.  Dr. Baker conferred with Mr. Broussard during the inspection, and Mr. Broussard pointed out a crack in the exterior siding of the home.  Mr. Broussard told Dr. Baker he believed the crack could be sealed without a problem.

After completing his inspection, Mr. Broussard prepared a written report of his findings. On July 5, 2002, he hand delivered a copy of his report to Mr. Brooks, who reported Mr. Broussard's "adverse findings" by telephone to Dr. Baker on July 8 or 9, 2002. Mr. Brooks did not relate to Dr. Baker the following provision in Mr. Broussard's report:

> Note: 'Dryvit['] []the commonly used phrase for "[EIFS]" which is a wall application consisting of usually Styrofoam sheets attached to the wall, sealed and textured. [This] particular application does not have Styrofoam sheeting. As was mentioned earlier the wall siding is "[Durock.]" This application has been used on this structure. Most times it is called "Stucco". Historically there have been instances where moisture has accumulated behind this siding and problems have occurred. This usually occurs when this application was not applied properly and cracks were not sealed properly. Testing for this moisture behind this sheeting includes probing this surface to reach the underlying walls, which is invasive and is not part of this inspection. This siding appears to be crack free, with the exception of a crack adjacent to one right rear window. I recommend this crack be sealed. See enclosed photo. This siding appears to have been properly applied; however this is only a visual inspection and no guarantee of the integrity of this product. If any doubts remain as to the condition of the above mentioned product it may be prudent to have this covering inspected by a "Dryvit" specialist.

Mr. Brooks provided Dr. Baker a copy of Mr. Broussard's written report at the closing, July 22, 2002. After the closing, Dr. Baker moved into the home. In the fall of 2002, he noticed cracks in the exterior finish. An inspection and testing revealed the exterior finish of the home had numerous instances of "higher than acceptable moisture." Dr. Baker contends this condition constitutes a redhibitory defect and that Mr. Brooks' failure to provide him a full copy and/or inform him of Mr. Broussard's "warning" regarding the exterior finish renders Mr. Brooks and Stirling Properties, Inc. liable to him for damages.

In their motion for summary judgment, Mr. Brooks and Stirling Properties, Inc. contend they did not breach any duties they owed to Mr. Baker. The trial court granted the motion, finding Mr. Brooks did not have any liability.

### *Standard of Review*

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

The mover bears the initial burden of proof to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id*.

Appellate courts review motions for summary judgments *de novo*, asking the same questions the trial court asks to determine whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. This inquiry seeks to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "A fact is material if it potentially insures or precludes recovery, affects a

3

litigant's ultimate success, or determines the outcome of a legal dispute." *Hines v. Garrett,* 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765.

## *Discussion*

The parties agree that a real estate agent's duties are determined by the duties the agent obligates himself to perform and his agreements with the parties. Mr. Brooks agreed to assist Dr. Baker in obtaining an inspection of the home. He contacted Mr. Broussard to conduct the inspection, he received Mr. Broussard's report, and he reported what he perceived to be Mr. Broussard's adverse findings to Dr. Baker.

Mr. Brooks also provided Dr. Baker a copy of Mr. Broussard's report but not until the closing, which was two weeks after he contacted Dr. Baker concerning Mr. Broussard's report. Mr. Brooks testified that Dr. Baker did not request a copy of the report; Dr. Baker testified that he did. Thus, genuine issues of material fact exist as to whether Dr. Baker requested the report and whether Mr. Brooks had a duty to provide Dr. Baker a copy of the report sooner. Mr. Brooks and Stirling Properties, Inc. argue that Dr. Baker did have a copy of the report prior to the closing but did not act on it; therefore, he cannot argue that Mr. Brooks did not fulfill his duty to him. Mr. Brooks delivered a copy of the report to Dr. Baker at the closing. Whether Dr. Baker should have reviewed the report at that time and refused to proceed with the sale is also a genuine issue of material fact.

## *Disposition*

The judgment of the trial court granting summary judgment is reversed, and this matter is remanded for further proceedings. All costs are assessed to Dennis Brooks and Stirling Properties, Inc.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**