# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-658

JOSEPH DALTON GUIDRY

VERSUS

**LOUISIANA FARM BUREAU**
**MUTUAL INSURANCE COMPANY, ET AL.**

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF VERMILION, NO. 80220,
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**

Charles C. Garrison
Caffery, Oubre, Campbell & Garrison, L.L.P.
Post Office Drawer 12410
New Iberia, Louisiana 70562-2410
(337) 364-1816
Counsel for Defendants/Appellees:
    Louisiana Farm Bureau Mutual Insurance Company
    David A. Trahan
    Roxanne Trahan

Pamela B. Lolan
Attorney at Law
613 Little Farms Avenue
River Ridge, Louisiana 70123
(504) 305-2931
Counsel for Plaintiffs/Appellants:
    Joseph Dalton Guidry

SULLIVAN, Judge.

Joseph Guidry appeals the trial court's dismissal of his claims for bodily injury against David and Roxanne Trahan and their insurer, Louisiana Farm Bureau Mutual Insurance Company. For the following reasons, we reverse.

### Facts and Procedural History

Mr. Guidry was injured during the course and scope of his employment with Circle A Farms, Inc., Timothy Albert, Stacey Albert Farms, LLC, and Stacey Albert (the Alberts). He was injured at the end of the work day on August 1, 2002, as he performed maintenance on the tractor he drove that day. As per his employer's instructions, Mr. Guidry left his tractor running while he performed the required maintenance. During this time, David and Roxane Trahan's eleven-year-old son, Quintin, who is also the Alberts' nephew, climbed into the cab of Mr. Guidry's tractor. While in the cab, Quintin turned the steering wheel, which caused Mr. Guidry to become pinned between one of the tractor wheels and the tire well. As a result, Mr. Guidry suffered serious injuries to his hip, back, and neck.

Mr. Guidry filed suit against the Alberts and Quintin's parents seeking to recover damages under La.Civ.Code arts. 2315[1] and 2318,[2] respectively. The Alberts were granted summary judgment on the basis of workers' compensation being Mr. Guidry's exclusive remedy against them. Mr. Guidry appealed the grant of summary judgment in favor of the Alberts but then dismissed his appeal.

---

[1] Louisiana Civil Code article 2315 provides in pertinent part: "A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

[2] Louisiana Civil Code article 2318 provides in pertinent part: "The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons."

The Trahans also filed a motion for summary judgment in which they argued that Mr. Guidry's exclusive remedy for his injuries is workers' compensation. After a hearing, the trial court dismissed the motion, finding a material issue of fact existed as to whether Quintin was in the course and scope of employment when Mr. Guidry was injured. The Trahans reurged their motion for summary judgment after obtaining additional evidence on the issue of Quintin's employment and activities at the time Mr. Guidry was injured. The trial court granted summary judgment in favor of the Trahans, dismissing them as defendants. The judgment in favor of the Trahans is the subject of this appeal.

### *Issues*

Mr. Guidry assigns three errors:

1. Whether Quintin was an employee of the Alberts and entitled to tort immunity?

2. Does an illegally-hired minor's performance of an illegal task in violation of the child Labor Law impose civil tort liability against that child and his parents when that minor injures a co-employee while performing a task prohibited by law?

3. Was Quintin, an illegally-hired minor, outside the course and scope of his alleged employment when he was on the high crop cane tractor and not actively engaged in duties of his alleged employment, an employment prohibited by law?

### *Summary Judgment*

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

2

The mover bears the initial burden of proof to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id*.

Appellate courts review motions for summary judgments de novo, asking the same questions the trial court asks to determine whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La.1/19/05), 893 So.2d 773. This inquiry seeks to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765.

### *Discussion*

In opposition to the motion for summary judgment, Mr. Guidry first argues that the evidence does not establish that Quintin was an employee of the Alberts; therefore, workers' compensation is not his exclusive remedy with regard to his claim against them under La.Civ.Code art. 2318. He identifies a number of facts which he contends support this argument: 1) Quintin had worked at the farm before but had not been paid; 2) other employees had to complete various documents in connection with their employment that Quintin did not complete; 3) Quintin was paid with a check dated the day of his accident which was not deposited for more than a month;

3

4) Quintin did not endorse the check, his mother did; and 5) Quintin was paid more than at least one other employee who was an adult.

An injured worker's exclusive remedy for an injury which occurs in the course and scope of his employment "as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal" is workers' compensation. La.R.S. 23:1032(A)(1)(a). If Quintin could not be held responsible in tort for his own actions in causing Mr. Guidry's injuries because he was Mr. Guidry's co-employee, neither could his parents. Therefore, whether Quintin was or was not employed by the Alberts when Mr. Guidry was injured is a material issue of fact.

The Trahans contend that Quintin's status as an employee is undisputed. Mr. Guidry has identified five facts which he asserts could lead a jury to find that Quintin was not the Alberts' employee. Additionally, the workers' compensation Employer's Report of Injury/Illness prepared by Tim Albert describes Mr. Guidry's accident as occurring when he was:

> Fueling the tractor and ~~another employee~~ (nephew 10-12 years old) was turning the wheel and his Ⓡ leg and hip area was caught in the tractor.

The determination of whether Quintin was the Alberts' employee when Mr. Guidry was injured requires an evaluation of the credibility of the testimonial and documentary evidence on this issue. Credibility determinations are for the jury, not the trial court. *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181 (La. 2/29/00), 755 So.2d 226. Accordingly, the trial court erred in granting summary judgment in favor of David and Roxanne Trahan and Farm Bureau Mutual Insurance Company.

4

***Disposition***

Judgment in favor of David and Roxanne Trahan and Louisiana Farm Bureau Mutual Insurance Company is reversed; all costs of this appeal are assessed against them.

**REVERSED AND REMANDED.**