# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 06-1100

**CHRISTIN R. DECOU**

**VERSUS**

**TARGET CORPORATION OF MINNESOTA**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 20033533 "J"
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, David J. Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Bob Broussard
D. Patrick Daniel, Jr.
Bob Broussard, APLC
201 Rue Iberville, Suite 300
Lafayette, Louisiana 70598-0827
(337) 232-3333
COUNSEL FOR PLAINTIFF/APPELLANT:**
    Christin R. Decou


**John S. Lawrence, Jr.
David P. Curlin
Lawrence & Associates
215 St. Ann Drive, Suite 2
Mandeville, Louisiana 70471
(985) 674-4446
COUNSEL FOR DEFENDANT/APPELLEE:**
    Target Corporation of Minnesota

**GENOVESE, Judge.**

Plaintiff, Christin R. Decou (Decou), appeals the judgment of the trial court granting summary judgment in favor of Defendant, Target Corporation of Minnesota (Target). The trial court ruled that the intentional tort exclusion to the Workers' Compensation Act did not apply, thereby dismissing Decou's claims. For the following reasons, we affirm.

## STATEMENT OF THE CASE

Decou alleges that she was injured on May 1, 2003 in the course and scope of her employment at Super Target on Ambassador Caffery in Lafayette, Louisiana, when she slipped and fell on ice in a freezer. Decou filed suit against Target in the district court, alleging that her injuries were caused by the intentional actions of Target, through its employees, which made the risk of her injuries substantially certain to occur. Target filed a motion for summary judgment seeking to dismiss Decou's claims on the basis that the intentional tort exclusion to the Workers' Compensation Act, set forth in La.R.S. 23:1032(B), was inapplicable. The trial court granted Target's motion for summary judgment, finding that the actions in this case did not rise to the level of an intentional tort as defined by the jurisprudence and that the Workers' Compensation Act applied. Decou appeals.

## FACTS

On May 1, 2003, Decou was employed as a bakery team member at Super Target on Ambassador Caffery in Lafayette, Louisiana. Decou's duties included retrieving goods from the bakery's freezer in order to bake the items for their eventual sale and also returning goods to the freezer. Decou alleged that her accident occurred in the bakery's freezer while she was in the process of returning and retrieving a box

1

of goods. Decou testified that in order to return the box to an upper shelf, she used an aluminum ladder which was routinely kept in the bakery's freezer. After returning the box of goods to an upper shelf, Decou then retrieved a different box of goods also located on an upper shelf in the freezer. Decou alleges that as she descended the ladder, with box in hand, "the ladder slipped" causing her to fall to the floor due to the presence of ice on both the ladder and the freezer's floor. Decou alleges that as a result of her fall, she injured her lower back which necessitated a lumbar discectomy with fusion.

## ISSUES

In her brief to this court, Decou presents the following issues:

1.  Whether the evidence presented on behalf of [Decou] regarding Target's practices and the circumstances surrounding her injuries established, more probably than not, that injuries of the nature she suffered were substantially certain to occur and, therefore, Target's [m]otion [f]or [s]ummary [j]udgment should have been denied.

2.  Whether the evidence presented on behalf of [Decou] established genuine issues of material fact with regard to the issue of whether the injuries in suit were substantially certain to follow as a result of Target's conduct, thereby precluding [s]ummary [j]udgment.

## LAW AND DISCUSSION

In this appeal, Decou contends that the trial court erred in granting Target's motion for summary judgment, alleging that there are genuine issues of material fact as to whether Target, the employer, placed her in a work area where her injuries were substantially certain to occur.

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to

judgment as a matter of law." La.Code Civ.P. art. 966(B). The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . ." La.Code Civ.P. art. 966(A)(2).

"In ruling on a motion for summary judgment, the [trial court]'s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765. Further, the trial court should resolve all doubts in the non-moving party's favor. *Id.*

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Id.* at 765-66 (citations omitted).

The moving party bears the burden of proving that summary judgment is appropriate. However, when the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden on the motion does not require him to negate all of the essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. *See* La.Code Civ.P. art. 966(C)(2). If the adverse party fails to produce factual support to convince the court that he can carry his burden of proof at trial, then there is no genuine issue of material fact and granting of the motion is mandated. *Hines*, 876 So.2d 765.

"Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Richard v. Hall*, 03-1488, p. 4 (La. 4/23/04), 874 So.2d 131, 137.

3

Therefore, we must determine whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Id.*

Decou filed the instant suit seeking to recover damages under the intentional acts exception to the Workers' Compensation Act. Target moved for summary judgment asserting that Decou could not carry her burden of proving the existence of the necessary elements which constitute an "intentional act" for the purpose of allowing her claim to proceed as an exception to the exclusivity of the workers' compensation remedy. To constitute an intentional act, Decou must show that Target either consciously desired the physical results of its particular conduct or that it had knowledge that the physical results were substantially certain to follow such conduct. *Reeves v. Structural Pres. Sys.*, 98-1975 (La. 3/12/99), 731 So.2d 208; *Mouton v. Blue Marlin Specialty Tools, Inc.*, 01-648 (La.App. 3 Cir. 10/31/01), 799 So.2d 1215.

After reviewing the record, we find that the evidence produced by Decou fails to establish that she will be able to satisfy her evidentiary burden of proof at trial. Decou basically alleges that Target failed to provide her with a safe working environment. Decou's own testimony does not support the conclusion that Target consciously desired an injury to occur or was substantially certain its conduct would cause injury to Decou. At her deposition, Decou testified that she verbally remarked to a supervisor that the floor in the freezer was slippery; however, Decou admitted that she never registered any type of written complaint to Target about the icy conditions in the freezer, nor did she advise any of her supervisors that she felt unsafe

4

going into the freezer. Decou even candidly admitted:

> I don't think it was anybody's intention of [sic] me to get hurt. That's not an employer. That's not a good manager, no.
> But the problem of the ice -- that it was not somebody's intention for me to go in there and purposely slip, no, no.
> But the problem, everybody knew about it. So, like, what you said, intentional tort.

Decou testified that she began working at Target in October of 2002, before the store actually opened for business at its new location on Ambassador Caffery in Lafayette. At the time of her accident in May of 2003, Decou had been employed at Target for approximately seven months, working three to four days a week, and going into and out of the bakery's freezer at least five times per day. When asked how often ice was removed from the bakery freezer's floor, Decou replied, "I'm trying to think how often they would have an inspection. It was regularly. Probably once a month, if not longer." Decou also conceded that Target brought in maintenance personnel in attempts to address the ice accumulation issues. However, Decou contends that the ice was a regular, recurring problem of which she and other employees had complained. Decou asserts that the existence of ice and Target's failure to successfully resolve the problem prior to her fall and injury constitutes an intentional act for which she is entitled to damages pursuant to La.Civ.Code art. 2315[1]. We disagree.

---

[1]Louisiana Civil Code Article 2315 provides:

> A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

> B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person. Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease. Damages shall include any sales taxes paid by the owner on the repair or replacement of the property damaged.

At the time of Decou's accident, there had been no other injuries in Target's bakery freezer from people slipping and falling on ice. In fact, the only other Target employee allegedly injured in a slip and fall accident in a freezer at Target was Heather Hoffman (Hoffman). Unlike Decou however, the fall involving Hoffman occurred in Target's stock freezer located in the grocery department, not in Target's bakery freezer. Like Decou, Hoffman filed suit seeking to recover damages under the intentional acts exception to the workers' compensation statutes alleging that Target failed to provide her with a safe working environment by allowing ice to dangerously accumulate on the grocery department freezer's floor. However, Hoffman's deposition testimony supports Target's position that it neither intended for its employees to get hurt nor did it place its employees in a work area where injuries were substantially certain to occur.

In her deposition, Hoffman admitted that people, other employees, would leave the door to the grocery department's freezer open. Hoffman testified, "[t]here were chunks of ice just here and there, everywhere. [] There was melted water from the door being left open and there was condensation dripping from the ceiling, and there was a huge fan. []" She further stated that "on the ceiling, there was a huge fan. And whenever the door would be -- stay open, the fan would turn off which caused it to drip on the floor and make huge piles of ice on the floor." Finally, Hoffman acknowledged that she, like Decou, also did not believe that anyone at Target intended for her to get injured in the grocery department's freezer and that she knew of "maybe three times" when Target did make efforts to fix the freezer's ice problems by hiring maintenance personnel.

Also admitted into evidence were the depositions of Tyra Guilbeau (Guilbeau),

6

Kaili Capone Broussard (Broussard), and Renée Delahoussaye (Delahoussaye). Guilbeau, a Bakery Team Leader at Target and the supervisor directly above both Decou and Hoffman, testified that condensation occurred when the freezers' doors were left open and that, thereafter, the water would freeze. This same testimony was elicited from both Broussard and Delahoussaye. Broussard was the Bakery Executive Team Leader and the supervisor above Guilbeau at the time of Decou's accident. Delahoussaye described her job title with Target as "Executive Team Leader, Human Resource," whose position was above that of Broussard. In her deposition, Delahoussaye also testified that a heating, ventilation, and air conditioning (HVAC) firm, Hussman, was retained to address the freezers' ice issues; however, the diagnosis was that the ice was caused by condensation which occurred when the freezers' doors were left open. Thereafter, employees were advised of the cause of the water/ice problems; were instructed to keep the doors closed; and when ice formed, it was regularly removed.

In this case, Decou has failed to present any evidence to show that Target consciously desired that she fall or that Target was substantially certain that Decou would fall. We find that the testimony in the record indicates that Target's employees, not Target, could best address actions which caused the ice to form. Further, the testimony corroborates Target's contention that it neither intended for its employees to get hurt nor did it place its employees in a work area where injuries were substantially certain to occur. At most, the record before this court demonstrates the exposure of workers to dangerous conditions.

In *Reeves*, 731 So.2d at 212, the Louisiana Supreme Court held "[b]elieving that someone may, or even probably will, eventually get hurt if a workplace practice

7

is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation."

In *Reeves*, 731 So.2d 208, the plaintiff was injured while manually moving a sandblasting pot in the course and scope of his employment as a general laborer. OSHA required that a sticker be placed on the sandblasting pot which read "DO NOT MOVE MANUALLY," and on previous job sites, the pot had been moved by a forklift. However, at this particular job site, the plaintiff's supervisor had requested a forklift several times, but the employer had never provided one. The supervisor testified that he feared someone would eventually get hurt moving the pot manually and, for that reason, he sometimes moved the pot manually himself. Other employees had moved the pot manually on numerous occasions without being injured, and the plaintiff himself had done so several times without complaint and without ever having any trouble. On the day of the accident, the supervisor directed the plaintiff to move the sandblasting pot about forty to fifty feet and then, after the plaintiff had moved it about halfway with no trouble, directed another employee to help him. The supervisor testified that he believed the two employees could move the pot safely. However, as they attempted to do so, it fell over onto the plaintiff and injured him.

In *Reeves*, the plaintiff filed suit against his employer alleging that his injuries were caused by his employer's intentional acts and, therefore, fell outside the realm of workers' compensation. After a jury trial, the jury found that the employer's actions were intentional and awarded him damages for pain and suffering, lost wages, and past and future medical expenses. This court affirmed, finding the record reflected the employer knew that the sandblasting pot could not be moved safely without a tow motor, knew that moving it manually violated OSHA safety

8

regulations, and yet failed to provide the appropriate equipment.

The supreme court in *Reeves* rendered a reversal finding that the jury's conclusion that the employer's conduct constituted an intentional act was not reasonable in light of the record reviewed in its entirety and that there was no evidence presented that the accident was substantially certain to occur. Accordingly, the supreme court found that the jury had committed manifest error in determining the employer's conduct rose to the level of an intentional act for purposes of the exception to the exclusive remedy of workers' compensation, and the court of appeal had erred in affirming the jury's decision.

We find that the analysis of *Reeves* is applicable in the instant case and, therefore, affirm the trial court's judgment. The trial court was correct in its finding that Decou failed to produce factual support to convince it that she can carry her burden of proof at trial. Thus, there is no genuine issue of material fact, and summary judgment is appropriate.

## DECREE

For the foregoing reasons, the judgment of the trial court granting Target's motion for summary judgment is affirmed. Costs of this appeal are assessed against Plaintiff/Appellant, Christin R. Decou.

**AFFIRMED.**

9