LOLLEY, J.
| tKellick’s Catch Pen and Western Wear, LLC (herein referred to as “Kellick’s LLC,” the “LLC,” or the “company”) appeals the judgment by the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, granting the motion for summary judgment filed by First National Bank in this foreclosure action. For the followings reasons, we affirm the trial court’s judgment.
Facts
Kellick’s LLC, the appellant, is a Louisiana limited liability company formed in 1995 with Randy Kellick, Connie Kellick, Nicky Kellick, and Lanell Kellick. as founding members. The voting rights of the members were not equally shared: Ronnie and Connie (husband and wife at the time) each owned 26% in the company and Nicky and Lanell (husband and wife) each owned a 24% interest.
Originally, Nicky, on behalf of Kellick’s LLC, signed a promissory note dated July 6,- 2010, in the amount of $121,631.00. The note was secured by a multiple indebtedness mortgage of the same date on immovable property owned by Kellick’s LLC on Grabault Road in Bastrop, Louisiana (the “property”). The mortgage was also signed by Nicky on behalf of Kellick’s LLC.
Prior to obtaining the loan, Nicky provided FNB with the articles of organization of Kellick’s LLC, which state as follows:
7. Unless and until an amendment to these articles by authentic act providing otherwise , is filed in the office of the Louisiana.Secretary of State and in each parish in which KELLICK’S CATCH PEN ARENA AND WESTERN WEAR, L.L.C. owns immovable property, any person dealing with KELLICK’S CATCH PEN-1 .ARENA AND WESTERN WEAR, L.L.C. may rely upon a certificate of RANDY DALE KELLICK, CONNIE WOR-LEY KELLICK, NICKY WAYNE KELLICK and/or LANELL RUSHING KELLICK to
[[Image here]]
(c) establish the authority; of any person to act on behalf of KEL-LICK’S CATCH REN ARENA AND WESTERN WEAR, L.L.C., including but not limited to the authority to take actions referred to in Louisiana Revised Statutes Title 12, Section . 1318(B), which actions include:
[[Image here]]
(4) The incurrence of indebtedness by the company other than in the ordinary course of its business
(5) The . ’.. encumbrance of any im-movables of the company_ (Emphasis added).
A resolution to borrow, grant collateral (the “resolution”) was,-.also provided by Kellick’s LLC,,to FNB, and it stated,, in pertinent part:
• ACTIONS AUTHORIZED. The authorized person listed above may enter into any agreements of any nature with [FNB], and- those agreements will bind the Company. Specifically, but without limitation, the authorized person is authorized, empowered, and directed to do the following for and bn behalf of the Company:
Loan. To negotiate and obtain a loan ..from [FNB] ... under such terms and conditions as- said member may agree to *230 in his or her sole discretion, for such sum or sums of money as in his or her judgment should be borrowed.
■ Execute Notes. To execute and deliver to [FNB] the promissory note or notes, or other evidence of the Company’s credit accommodations, on [FNB]’s forms, at such rates of interest and on such terms as may be agreed upon, evidencing the sums of money so borrowed or any of the Company’s indebtedness to [FNB], and also to execute and deliver to [FNB] one or more renewals, extensions, modifications, prefinancings, consolidations, or substitutions for one or more of the notes, any portion of the notes, or any other- evidence of credit accommodations.
Execute Security Documents. To execute and deliver to [FNB] the forms of mortgage....
Nicky was the authorized person listed on the resolution, which was signed by Nicky, Lanell, and purportedly by Randy.
The original note was refinanced and replaced with a promissory note dated November 12, 2010, in the principal amount of $191,293.46, which was also taken out by Kellick’s LLC in favor of FNB. This note was also signed by Nicky on behalf of the company and was secured by the previously executed multiple indebtedness mortgage. Kellick’s LLC failed to make any payments on the note, despite demand by FNB. When Kellick’s LLC defaulted on the note, FNB filed a petition for executo-ry process seeking to enforce the mortgage and foreclose on the property. Kel-lick’s LLC filed a petition for preliminary injunction to stop: the executory proceeding, claiming that Randy’s signature had been forged on the resolution and Nicky did not have authority to act on behalf of the company. In response, FNB amended its petition to convert the proceeding to an ordinary proceeding, then filed its motion for summary judgment.
Kellick’s LLC opposed FNB’s motion, arguing that a majority of the members did not approve the making of- the note or the mortgage of the property, and the resolution purporting to give authority to Nicky to transact the note/mortgage with FNB contained Randy’s forged signature. In fact, Kellick’s LLC submits that Randy never saw or had any knowledge of the resolution, and that neither Randy, Connie, nor the company received any ^benefits of the loan. A hearing on FNB’s motion was conducted, and after taking the matter under advisement, the trial court granted FNB’s motion. No oral or written reasons for judgment were issued, arid Kellick’s LLC filed a written request for written reasons. The trial court failed to issue written reasons. Subsequently, Kel-lick’s LLC brought this appeal'.
Discussion
On appeal, Kellick’s LLC raises assignments of error in connection with the issue of Nicky’s actual and/or apparent authority to incur indebtedness on behalf of the company and encumber property owned by the company. The trial court granted FNB’s motion for summary judgment as prayed for in its petitions seeking the foreclosure.[1] On appeal, Kellick’s *231 LLC strenuously argues that Randy’s forged signature creates a material issue of fact making summary judgment improper in- this case; we find, however, even if the signature is a forgery, that is an immaterial fact to the case sub judice. The primary issue is that FNB reasonably relied on the internal documents of Kellick’s LLC, giving Nicky the authority to incur the subject indebtedness and ■ encumber the company’s immovable property. Summary judgment in favor of FNB was not in error.

_J^Summary Judgment

Appellate courts review a trial court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in.the light most favorable to the nonmovant. Hines v. Garrett, 2004-0806 (La.06/25/04), 876 So.2d 764. Summary judgment is warranted only if “there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(C)(1). The judge’s role in ruling on a motion for summary judgment is not to evaluate, the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine, issue of triable fact. Supra. All . doubts should be resolved in the nonmoving party’s favor. Id.
' A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 1993— 2512 (La.07/05/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable per-sons could reach only one conclusion, there is no need’ for trial on that issue and summary judgment is appropriate. Id.
In this action, the basis for FNB’s foreclosure on the mortgage is rion-payment of the promissory note. Other than its claim that Randy’s signature was forged on the resolution and Nicky failed to 'have the requisite majority of the LLC members to delegate him authority to act, Kellick’s LLC raises no defense to FNB’s foreclosure action.
| ¡-.Substantive Law on LLCs
Louisiana R.S. 12:1305 states in pertinent part:.
C. The articles of organization may set forth the following:
: * * *
(5) A statement that persons dealing with the limited liability company may rely upon a certificate of one or more managers, members, or other certifying officials, whose names are included in the statement, to establish the membership of any member, the authenticity of any records of the limited liability company, or the authority of any person to act on behalf of the limited liability company, including but not-limited to the authority to take the actions referred to in R.S. 12:1318(B), unless otherwise provided in the articles of organization.
Louisiana R.S.12:1317 states:
A. Each member, if management is reserved to the members, or manager, if management is vested in one or more managers pursuant to R.S. 12:1312, is a mandatary of the limited liability company for all matters in the ordinary course of its business other than the alienation, *232 lease, or encumbrance of-its immovables, unless such mandate is restricted or enlarged in the articles of organization or unless such member or manager lacks the authority to act for the limited liability company and the person with whom he is dealing has knowledge of the fact that he lacks such authority.
[[Image here]]
C, .Persons dealing with a limited liability company may rely upon a certificate of any person named in the statement provided for in R.S. 12:1305(0(5), or, if no such person or persons are so named, upon a certificate of one or more managers or members, to establish' the membership of any member, the authenticity of any records of the limited liability company, or the authority of any person to act on behalf of the limited liability company, including but not limited to the authority to take actions referred to in R.S. 12:1318(33).
Louisiana R.S. 12:1318(13), states:
B. Unless otherwise provided in the articles of organization or a written operating agreement, a majority vote of the members .shall be required to approve the following matters, whether or |7not management, is vested in one or more managers pursuant to- R.S. 12:1312:
⅝ ¾? #
(4) The incurrence of indebtedness by the limited liability company other than in the ordinary course of its business.
(5) The alienation, lease, or encumbrance of any immovables of the limited liability company.

Authority of Nicky to Bind the LLC

Although the trial court gave no reasons for its judgment granting FNB’s motion for summary judgment, the record clearly shows that Nicky had actual authority .to act on behalf of the company in incurring the indebtedness as well as mortgaging the company’s property. The business of a limited- liability company is managed by its. members, subject to any provisions, in a written operating agreement restricting or enlarging the management rights and duties of any member or group or class of members, except as otherwise provided in the articles of organiza-* tion. La. R.S. 12:1311. Here, the articles of organization and resolution provided to FNB indicate that Nicky had the authority to act on behalf of Kellick’s LLC in this transaction, and- the trial court properly granted FNB’s motion for summary judgment allowing it to proceed with the foreclosure. '
Nicky was the member authorized in the resolution" to appear on behalf of the company. The resolution was signed by Nicky, Lanell, and purportedly Randy. The claim by Kellick’s LLC that Randy’s signature was forged on the resolution is immaterial as to FNB. The bank, as a third party (i.e., “any person dealing with Kellick’s LLC”), reasonably relied on the articles of organization provided by the company. Those articles clearly | «state that any one of the members could certify that “any person” had the authority to’act on behalf of Kellick’s LLC to incur debt and encumber its immovable property. As the resolution was signed by Nicky and Lanell, Randy’s signature was superfluous and unnecessary, pursuant to the company’s articles of organization. Notably, the resolution contains the following, instruction at the very end of the instrument:
NOTE: If the member signing this Resolution is designated by the- foregoing document as one of the members authorized to act on the Company’s behalf, it is advisable to have this Resolution signed by at least one non-authorized member of the Company.
*233 Thus, FNB took measures to prevent one of the members from self-certifying authority to act on behalf of Kellick’s LLC, which explains why more than one signature was included on the resolution.
The language of La. R.S. 12:1317(C) appears to protect the third party as long as he does not actually know about the lack.of authority. 8 La. Civ. L. Treatise, Business Organizations § 44.08. Here, it is evident that FNB acted reasonably in relying on the articles of organization provided by Kellick’s LLC. Even if Randy’s signature was necessary in order to validly certify Nicky to act for the company, there is no evidence that FNB had any information that Randy’s signature was forged. Moreover, other than allegations, there is no objective evidence indicating that Randy’s signature is indeed a forgery. Claims by Kellick’s LLC that the signature is.forged are self-serving in its attempt to prevent the foreclosure of its property after its default on the loan.
|9Further, the issue of Nicky’s “apparent” authority is inapplicable here, considering that we conclude Nicky had the actual authority to bind the company. Apparent authority is a doctrine by which an agent is empowered to bind his principal in a transaction with a third person when the principal has made a manifestation to the third person, or to the community of which the third person is a member, that the agent is authorized to engage in the particular transaction, although the principal has not actually delegated this authority to the agent. Tedesco v. Gentry Develop., Inc., 540 So.2d 960, 963 (1989). In order for the doctrine of apparent authority to apply, the principal must first act to manifest the alleged mandatary’s authority to an innocent third party. Then, the third party must reasonably rely on the mandatary’s .manifested authority. Id. Here, pursuant to the articles of organization, FNB had no reason to believe .that Nicky was not .properly delegated to act on behalf of Kellick’s LLC. The articles indicate that any member could delegate authority, and the principal (i.e., Kellick’s LLC) properly delegated authority to Nicky. Thus, we need not consider whether Ñicky had apparent authority to act, and this assignment of error is without merit.
Conclusion
Considering the foregoing, the judgment by the trial court granting First National Bank’s motion for summary judgment is affirmed. All costs of this appeal are assessed to Kellick’s Catch Pen and Western Wear, LLC.
AFFIRMED.

. As its initial assignment of error, Kellick’s LLC argues that the trial court erred in failing to provide written reasons for judgment as requested. Louisiana C.C.P. 'art.1917 requires the court, when requested by a party in all appealable contested cases, to give written findings of fact and reasons' for judgment provided the request is made not later than ten days after the mailing of the notice of the signing of the judgment. Kelliclc's LLC filed a request for written reasons after the judgment was mailed. We caution the trial court that its duty under Article 1917 is mandatory. The proper remedy for the trial court’s failure to comply with an Article 1917 request is to apply for supervisory review or move for re- *231 maná to compel the trial court’s compliance. Willis-Knighton Health Sys., Inc. v. NW La. Council of Gov'ts, 48,141 (La.App.2d Cir.04/10/13), 116 So.3d 55, 62, writ denied, 2013-1325 (La. 11/15/13), 125 So.3d 1103. Other than raising the issue as an assignment of error on appeal, no remedy was sought in this casé. ‘