876 So.2d 764 (2004)
Bernice Wadsworth HINES and Wendi Wadsworth
v.
Charles GARRETT, OneBeacon Ins. Co, and American Central Insurance Co.
No. 2004-C-0806.
Supreme Court of Louisiana.
June 25, 2004.
*765 PER CURIAM.
We review a district court's grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.
A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there *766 is no need for trial on that issue and summary judgment is appropriate. Id.
Louisiana Code of Civil Procedure art. 966(C)(2) provides:
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, motion, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In this case, the defendant has moved for summary judgment; however, except for the first sentence of Art. 966(C)(2), that the burden of proof remains with the mover, this article otherwise does not apply to the defendant's motion. Since it was his cattle that were stuck on this stock law highway, the defendant admits that pursuant to La.Rev.Stat. 3:2803 he would have the burden of proving at trial that he was not negligent in allowing his cattle to be on the highway at that time. Thus, citing Hartford Accident & Indemnity Co. v. Kimball, 340 So.2d 651 (La.App. 2 Cir.1976), the defendant concedes that he must show that he took all reasonably prudent precautions to enclose his livestock and that he must also explain the presence of his livestock on the highway by showing how the animal escaped, in order to overcome the presumption of negligence and to prove freedom from fault in the slightest degree.[1] Accordingly, Art. 966(C)(2)'s language regarding the burden of proof when the moving party will not bear the burden of proof at trial is not applicable here, since the defendant is the moving party and he has conceded that, as in an affirmative defense, he will have the burden at trial of overcoming the presumption of negligence against him. See Jones v. Vela's Garage & Rental, Inc., 97-2486 (La.App. 4 Cir. 5/27/98), 717 So.2d 246, writ denied, 98-1760 (La.10/9/98), 726 So.2d 35.
If the party moving for summary judgment will bear the burden of persuasion on the subject issue at trial, that party must support his motion with credible evidence that would entitle him to a directed verdict if not controverted at trial. 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727 (2d ed.1983). Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a *767 "genuine issue" for trial or to submit an affidavit requesting additional time for discovery. Id. However, as explained in In re: Japanese Electronic Products Antitrust Litigation, 723 F.2d 238 (1983), rev'd on other grounds sub nom. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "[i]f ... there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment...." 723 F.2d at 258.
Defendant, however, maintains that he is entitled to summary judgment because his deposition testimony, taken on two occasions and excerpts of which were submitted in support of his motion, sets forth facts sufficient to overcome the presumption of negligence. He testified (1) that at the time of the accident he had been installing new fencing on his leased property, but that his cattle were being kept in a pasture where the new fence had been completed; (2) that the pasture was located behind the house; (3) that on the morning of the date of the accident, he had conducted a visual inspection of his herd and his fences; (4) that his cattle had never before escaped from the pasture; (5) that he first became aware of the breach in his fence when he was alerted about the accident and he went to inspect the fence visually; (6) that he discovered for the first time that a tree, sixty feet tall and twenty inches in circumference had uprooted and fallen on the fence; (7) that the tree had struck another tree and part of the second tree was on the fence as well; (8) that he then cut up the tree and removed all of the debris; (9) that the tree had appeared to be healthy; and (10) that there had been no unusual weather conditions that might have alerted him to the possibility of a tree falling on his fence.
In opposing the motion, the plaintiffs pointed to portions of the defendant's deposition testimony in which the defendant had contradicted himself with regard to the location of the tree vis-a-vis the house and whether the tree had been inside or outside the fence. Plaintiffs argued that the defendant's credibility was a genuine issue of material fact. Both lower courts granted summary judgment in favor of the defendant.
The court of appeal concluded summary judgment was warranted, finding that the defendant's explanation of how the cows had escaped through no fault of his own had satisfied his burden of exonerating himself, and rejecting the plaintiffs' argument that the discrepancies regarding the location of the alleged fallen tree in the defendant's deposition testimony created genuine issues of material fact. The court of appeal reasoned that it was "not obviously material whether the tree fell to the northeast or southeast of the farmhouse." The court of appeal found that the defendant's explanation correcting his first statement as to the location of the tree did not create a genuine issue of material fact.
The court of appeal also disagreed with the plaintiffs' contention that the defendant's credibility remained at issue. The court of appeal reasoned that the prospect that a jury might discredit the defendant's testimony is inadequate to defeat his properly supported motion for summary judgment, citing Babin v. Winn-Dixie, 00-0078 (La.6/30/00), 764 So.2d 37.[2] The *768 court of appeal further stated that it was entitled to accept the defendant's depositions as true, citing Garsee v. Bowie, 37,444 (La.App. 2 Cir. 8/20/03), 852 So.2d 1156.[3]
We disagree with the reasoning of the court of appeal under the particular circumstances of this case, which presents the somewhat unusual situation wherein the defendant moving for summary judgment presents his own self-serving testimony to overcome a presumption of negligence against him and to relieve himself of liability, but that testimony also contains significant discrepancies which would logically be considered by a fact-finder in determining his credibility and in weighing the evidence. The defendant is defending against the plaintiffs' claim based on his assertion that an otherwise healthy tree fell on his fence, but the defendant apparently did not retain any evidence of the tree, disposing of it after he learned of the accident, and, when he first testified, the defendant gave a different location for the allegedly fallen tree. The diagrams the defendant drew at both depositions are substantially similar with regard to the outline of the property itself, but the locations of the fallen tree vary quite distinctly. In his first deposition, the defendant indicated the tree was south and east of the house, but at the second deposition, conducted after the parties had visited the property, the defendant located the tree north and east of the house, explaining that he had earlier been mistaken. He also had initially stated that the tree was inside the fence, but at the second deposition corrected himself that the tree had been outside the fence. Notably, the location of the fallen tree that the defendant gave in the first deposition was on the highway side of the fenced property, quite near where the plaintiffs struck the defendant's cows on the highway, but the location of the tree the defendant gave in the second deposition is on the backside of the property away from the highway.
Application of the general rule that a court, ruling on a motion for summary judgment, must accept an affiant's testimony or affidavit as credible or true is not appropriate in this particular case, where the mover's testimony absolving himself *769 from liability contains substantive contradictions or discrepancies that would ordinarily tend to call his credibility into doubt if presented to a fact-finder. Contrary to the court of appeal's conclusion, the defendant's credibility is material in this case because his defense to the presumption of negligence against him stands or falls on that credibility, since no one else saw the fallen tree or witnessed him inspecting his fences. And, the defendant's credibility is a genuine issue in light of the significant contradictions in his own deposition testimony with regard to the location of the alleged fallen tree that he had removed soon after the accident.
While the general rule is that courts entertaining a motion for summary judgment are not to decide credibility issues, the defendant's differing stories as to the location of the tree that allegedly fell and allowed the cattle to escape found in his deposition testimony sufficiently demonstrates that the defendant cattle owner's credibility is indeed a genuine and material issue better suited for resolution by trial. The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356 (internal quotations omitted). The plaintiffs here had the opportunity to depose the defendant to test his veracity, and in our view they were able to "shake" his original version of the facts and raise significant issues of credibility. Cf. Corrugated Paper Products, Inc. v. Longview Fibre Co., 868 F.2d 908, 914 (7th Cir.1989). Accordingly, we find that the plaintiffs have adequately raised a challenge to the defendant's credibility by pointing out inconsistencies in relevant parts of his testimony, and, therefore, the defendant is not entitled to summary judgment on the issue of rebutting the presumption of negligence against him.
For these reasons, we conclude the defendant is not entitled to summary judgment, reverse the rulings of the lower courts, and remand the matter to the district court for further proceedings.

DECREE
WRIT GRANTED; REVERSED AND REMANDED.
TRAYLOR, J., dissents, would prefer to deny the writ.
NOTES
[1] The jurisprudence interpreting La.Rev.Stat. 3:2803 is well settled that when an automobile strikes a horse or cow on one of the enumerated "stock law" highways, the burden of proof rests upon the owner of the animal to exculpate himself from "even the slightest degree of negligence." Schexnider v. Allstate Ins. Co., 304 So.2d 825 (La.App. 3d Cir.1974), writ refused, 307 So.2d 639 (La.1975); Womack v. Rhymes, 300 So.2d 226 (La.App. 2d Cir.1974), writ refused, 303 So.2d 179 (La.1974). Thus, the courts have recognized that a legal presumption of fault or negligence on the part of the animal's owner is created in such cases. E.g., Ourso v. Grimm, 92-1274 (La.App. 3 Cir. 1/5/94), 630 So.2d 963, 966, writs denied, 94-0339, 94-0346 (La.3/25/94), 635 So.2d 230-31. To rebut that presumption, the defendant must not only show that he has taken all reasonable and prudent measures and precautions to enclose his livestock, but he must also explain the presence of the animal on the highway by showing when, where, and how the animal escaped from its enclosure, that is, his complete freedom from fault. Id.
[2] In Babin, we found that the defendant Winn-Dixie had pointed out an absence of factual support for an essential element of plaintiff's cause of action under La.Rev.Stat. 9:2800.6, because the plaintiff would be unable to satisfy his burden of proving the constructive notice requirement of the statute by showing that the toothpick boxes had been on the floor for some period of time prior to his alleged fall. In support, the defendant had produced the affidavit of its employee, who stated she had inspected the aisle ten minutes prior to plaintiff's fall and did not observe any toothpick boxes on the floor. At that point, the burden shifted to the plaintiff to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. We concluded that the plaintiff was unable to produce any factual support for his contention that the toothpick boxes were on the floor for some period of time before his fall. We rejected the reasoning of the appellate court, which had speculated that the plaintiff could show there was a possibility the boxes had been on the floor for some period of time, and that Winn-Dixie's employee was negligent in failing to observe them. However, we reasoned, such speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial, because the plaintiff must make a positive showing of the existence of the condition prior to the fall.
[3] The Garsee court held that, in deciding a motion for summary judgment, the court must assume that all of the affiants are credible. 37,444 at p. 7, 852 So.2d at 1159. Earlier, the court of appeal had cited Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226, for this same proposition. In Independent Fire, which considered the admissibility of affidavits by expert witnesses submitted to support or oppose a motion for summary judgment, this court held that, rather than automatically exclude expert opinion evidence at the summary judgment stage, the Daubert-Foret standards should be considered by the trial judge in deciding whether to admit expert opinion evidence.