NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-905


KIMBERLY CARTER, ET AL.

VERSUS

DANIEL JOHNSON, ET AL.


**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, No. 220,328-D
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE
**********


GLENN B. GREMILLION
JUDGE

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.


REVERSED AND REMANDED.

Brian M. Caubarreaux
Derrick G. Earles
P. O. Box 129
Marksville, LA 71351
(318) 253-0900
Counsel for Plaintiffs/Appellees:
    Kimberly Carter
    George Perkins

**Lewis O. Lauve, Jr.**
**Mary Lauve Doggett**
**P. O. Box 307**
**Alexandria, LA 71309-0307**
**(318) 449-1937**
**Counsel for Defendants/Appellants:**
  **Daniel Johnson, et al.**

GREMILLION, Judge.

The defendants, Daniel Johnson and the City of Alexandria, appeal the trial court's grant of summary judgment in favor of the plaintiffs, Kimberly Carter and George Perkins, finding Johnson solely at fault in causing the automobile accident in which the plaintiffs were injured. For the following reasons, we reverse and remand.

## FACTS

On May 26, 2004, Perkins was traveling north on Industrial Boulevard in Alexandria, Rapids Parish, Louisiana. Carter was a guest passenger in his vehicle, a 1995 Ford Ranger pickup truck. Johnson, an employee of the City's Water Department, was traveling north on Industrial Boulevard in a 1991 International 4600 truck, described as a large dump-truck sized vehicle. At the time of the accident, Johnson stopped his vehicle and backed it up in order to pick up a piece of metal lying in the roadway. In doing so, he backed into Perkins' vehicle, which had pulled up behind him, causing moderate damage to Perkins' vehicle.

Carter and Perkins filed suit against Johnson and Alexandria seeking damages for injuries they suffered as a result of the accident. They later filed a motion for a partial summary judgment on the issue of liability. Following a hearing on the motion, the trial court rendered a judgment in favor of Carter and Perkins finding that Johnson was solely at fault in causing the accident. This appeal by Johnson and Alexandria followed.

## ISSUES

On appeal, Johnson and Alexandria argue that the trial court erred in finding no comparative fault on the part of Perkins in causing this accident.

1

# SUMMARY JUDGMENT

The law pertaining to summary judgment was discussed by the Louisiana Supreme Court in its per curiam opinion in *Hines v. Garret*, 04-0806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765-66 (alteration in original):

> We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.
>
> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730,751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

Whether a fact is material is determined in light of the relevant substantive law. *Weingartner v. Louisiana IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La. 9/13/03), 853 So.2d 645.

Pursuant to La.R.S. 32:281, "The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic." In *Turner v. New Orleans Public Service, Inc.*, 476 So.2d 800, 802 (La.1985), the supreme court stated that "[b]acking a truck without knowing whether it can safely be done is grossly negligent."

After performing a de novo review of the record, we find that the trial court erred in finding that no genuine issue of material fact existed with regard to

2

whether Johnson was solely at fault in causing this accident.

At the time of the accident, Johnson testified he was following the city's street sweepers in order to relieve them of their load of debris, when he ran over a piece of metal with his front tires. He stated that he stopped his truck, checked his rear-view mirrors, and then backed up approximately two feet. He stated that he felt a little bump, drove his truck forward, and discovered that he had backed into Perkins' vehicle. After exiting his truck, he said that he asked Perkins why he did not blow his horn, only to be told that Perkins' horn was not working. Johnson testified that he never saw Perkins' vehicle prior to backing his vehicle and that he had only traveled one to two miles per hour when he backed up. He stated that if Perkins' vehicle was too close to his vehicle, he would be unable to see him in his mirrors when he checked them before he backed up.

Perkins testified that he approached Johnson's vehicle and was stopped approximately one-and-a-half vehicle lengths behind him at the time of the accident. He stated that he attempted to back up when Johnson backed into him. He further said that he blew his horn while Johnson backed up in order to catch his attention.

Carter testified that she was asleep when the accident occurred, but that she was awakened by Carter blowing his horn.

After reviewing the evidence, we find that genuine issues of material fact exist with regard to whether Perkins had pulled up so close behind Johnson as to render himself invisible. Moreover, Johnson said that he backed up approximately two feet, whereas Perkins testified that he was stopped considerably more than two feet behind Johnson. We also find that a genuine issue of material fact exists with regard to whether Perkins' horn was working. Based on the foregoing, we find that

3

the trial court incorrectly rendered partial summary judgment on the issue of fault in favor of Carter and Perkins.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.