ON REHEARING GRANTED
PER CURIAM.
_|_jHaving resolved the timeliness issue, this Court vacates its original opinion.
The Louisiana Supreme Court held that a defendant’s self-serving deposition testimony, which contained contradictions, created a credibility determination for the factfinder because the defendant was attempting to overcome a presumption of his own negligence. Hines v. Garrett, 04-0806, p. 5 (La.6/25/04), 876 So.2d 764, 768. Although Dr. Dowling’s deposition testimony is not being used as an attempt to alleviate his fault, his deposition testimony from 2006, demonstrated that he would have prescribed Clozaril even if the warning was different. However, in Dr. Dowl-ing’s 1993 deposition, Dr. Dowling stated that he did not think anyone knew that what happened to Mr. Ezeb could happen as a result of ingesting Clozaril. This Court recognizes that the two depositions could be contradictory, which requires a credibility determination by the factfinder. For this reason, this Court reverses the previous affirmation of the trial court. Therefore, the trial court’s granting of Novartis’ summary judgment is reversed.
REVERSED.
BELSOME, J., Concurs in the Result and Assigns Reasons.