# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 11-329

## STANLEY G. VICKERY

## VERSUS

## VENTURE LOGISTICS

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 02, DOCKET NO. 10-01782
HONORABLE JAMES L. BRADDOCK, PRESIDING

**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**REVERSED AND REMANDED.**

B. Gerald Weeks
Weeks Law Firm
1150 Expressway Drive, Suite 205
Pineville, LA 71360
(318) 442-3045
COUNSEL FOR CLAIMANT/APPELLANT:
        Stanley G. Vickery

Frederic C. Fondren
Law Offices of Frederic C. Fondren
628 Wood Street
Houma, LA 70360
(985) 223-4725
COUNSEL FOR DEFENDANT/APPELLEE:
        Venture Logistics

**COOKS, Judge.**

In this workers' compensation case, the sole issue before us is whether the injured workers' average weekly wage was calculated appropriately under the law. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2008, Stanley Vickery contracted with Venture Logistics to lease his truck and provide trucking services as a hot shot driver. On December 17, 2009, Vickery alleged he stumbled and fell over the entrance at a truck stop where he had stopped to purchase fuel. Vickery contended he suffered injury as a result of the fall and sought medical treatment.

He was subsequently taken off duty on December 18, 2009 through the present date. Venture began paying Vickery temporary total disability (TTD) benefits from December 18, 2009 through the present date based on an average weekly wage (AWW) of $271.66, resulting in weekly benefits in the amount of $180.93. A dispute arose concerning whether Venture's calculation of $271.66 as Vickery's AWW was proper under the law.

Vickery filed his claim in the Office of Workers' Compensation (OWC) on February 17, 2010. Discovery proceeded and a motion for summary judgment on the issue of the determination of Vickery's AWW was filed by Venture on September 1, 2010. Venture argued that when the truck lease is silent the "industry standard" for the prevailing rate of a driver's wage will be applied to the total gross receipts to determine the "gross earnings" value to be plugged into the AWW formula. Venture used an "industry standard" of 30% to calculate Vickery's AWW.

Vickery opposed Venture's motion contending the AWW can be computed by deducting from the total line haul pay the actual expenditures for capital outlay,

1

maintenance, operational costs, etc. This, Vickery argued, arrives at a true figure without reliance on an arbitrary lower amount, like the "industry standard" relied upon by Venture. Vickery attached to his opposition an affidavit of a similarly situated hot shot truck driver in the area to attest to the fact that Vickery's figures were consistent for actual expenditures in the industry.

A hearing was held on the motion, and after taking the matter under advisement, the workers' compensation judge (WCJ) granted summary judgment in favor of Venture, setting Vickery's AWW at $271.66. The WCJ found there were no genuine issues of material fact as to the formula to be applied or to the figures needed to calculate the formula. The WCJ also found based on the submissions by Venture, the industry standard was the appropriate basis for the calculation of Vickery's AWW.

Vickery appealed the granting of summary judgment, contending the WCJ improperly calculated the AWW pursuant to La.R.S. 23:1021(12)(d). Specifically, Vickery asserts the WCJ erred in finding that his wages were 30% of his gross earnings or line haul pay as determined by the "industry standard" used by Venture.

## ANALYSIS

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The mover bears the initial burden of proof to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial, it need not negate all essential elements of its opponent's claim, but it must point out "that there is an absence of factual support for one or more elements essential to the adverse party's claim." La.Code Civ.P. art.

2

966(C)(2). If the mover meets its initial burden of proof, the burden shifts to the nonmoving party "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." *Id.*

Appellate courts review motions for summary judgments *de novo*, asking the same questions the trial court asks to determine whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La.1/19/05), 893 So.2d 773. This inquiry seeks to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Hines v. Garrett*, 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765.

The facts concerning Vickery's employment with Venture are not in dispute. The date of the work-related accident was December 17, 2009. The number of days worked in the immediate twenty-six week period was eighty. The amount earned in that twenty-six week period was $23,543.19.

Vickery is a hot shot driver and does not receive hourly, monthly or annual wages. Thus, his wages are classified as "other wages" under La.R.S. 23:1021(12)(d), which provides the formula for the calculation of Vickery's AWW. It provides:

> (12) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
>
> . . . .
>
> (d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by the average number of days worked per week; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the

3

employer during said period and multiplied by the average number of days worked per week.

In situations where the truck lease contract stipulates the specific percentage of gross receipts or pay that will be designated as wages, this percentage is plugged into the formula provided in La.R.S. 23:1021(12)(d) to determine the AWW. However, where the truck lease is silent as to the specific percentage of gross receipts or pay that will be designated as wages, as in this case, Venture argues the industry standard for the prevailing rate of driver wage should be applied to the total gross receipts to determine the "gross earnings" value to be plugged into the AWW formula. Initially, we note the statute provides nothing about applying an industry standard in such situations.

We also find there are genuine issues of material fact which preclude summary adjudication. Specifically, the calculations and assumptions made about Vickery's earnings and allocations to wages and capital outlay were not established by the submissions of Venture.

The thirty percent "industry standard for wages" is an arbitrary figure, something that *Venture itself admitted* when it commented on its belief that this figure was "very generous." Further, by establishing this thirty percent figure as wages, Venture is thus categorizing seventy percent of Vickery's line haul pay as expenditures or capital outlay. Counsel for Vickery points out that Venture is in the trucking business and "can have readily available the true amounts and exact charges which its hot shot drivers will necessarily spend for capital outlay charges, including fuel, maintenance, insurance, procurement and other charges." Whether, as Vickery argues, Venture chose not to avail itself of this information because it would demonstrate that its arbitrary figure for wages as balanced against expenditures produced a significantly lower AWW than appropriate, we cannot say. That is a matter that must be resolved at trial. It is certainly not appropriate at

the summary judgment stage, to use arbitrary figures to establish the AWW, when actual amounts are available. The WCJ erred in finding there were no genuine issues of material fact as to the formula to be applied or to the figures needed to calculate the formula.

## DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Venture Logistics is reversed and this matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed against appellee, Venture Logistics.

**REVERSED AND REMANDED.**