KNOLL, J.,
dissenting.
[¾1 respectfully dissent from the majority opinion, which reverses the Trial Court and grants summary judgment in favor of relator, Zurich American Insurance Company (“Zurich”). In my view, this case should not be decided on summary judgment in favor of either party, as the question of whether Zurich’s insured executed a valid UM waiver prior to the accident at issue necessarily involves credibility determinations.
When entertaining a motion for summary judgment, a court cannot decide credibility issues. E.g., Hines v. Garrett, 04-0806, p. 6 (La.6/25/04), 876 So.2d 764, 769 (per curiam); Brooks v. Minnieweather, 44,624, p. 9 (La.App. 2 Cir. 8/19/09), 16 So.Bd 1244, 1250; Mouton v. Sears Roebuck, 99-669, p. 9 (La.App. 3 Cir. 11/3/99), 748 So.2d 61, 67, writ denied, 99-3386 (La.2/4/00), 754 So.2d 232. Although a court ruling on a motion for summary judgment must assume all witnesses are credible, Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 16 (La.2/29/00), 755 So.2d 226, 236, this general rule is inappropriate “where the mover’s testimony absolving himself from liability contains substantive contradictions or discrepancies that would ordinarily tend to call his credibility into doubt if presented to a fact-finder.” Hines, 04-0806 at 6, 876 So.2d at 768-69. Here, Zurich’s summary judgment evidence is ambiguous and does not definitively pinpoint when the insured’s representative initialed the UM waiver. For instance, [2the waiver itself contains no indication of when it was initialed, and the insured’s representative admitted he could not “give ... the exact date” he initialed the waiver, stating it could have been anywhere from 30 to 60 days after the policy was issued, but no later than his birthday, which was 11 days before the accident. If presented to a fact-finder, the ambiguous and self-serving nature of this evidence would tend to call into doubt the credibility of Zurich’s witnesses. Id.; see also Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 681 (La.App. 4 Cir.1993), unit denied, 629 So.2d 1178 (La.1993) (summary judgment precluded where credibility of insured’s representative who executed UM waiver was at issue). It is sound policy that such credibility determinations should only be made at trial, where, unlike summary judgment proceedings, the fact-finder has the added benefit of viewing demeanor evidence along with live testimony. Adhering to this policy, I would not grant summary judgment in favor of either party.
Notwithstanding, because the majority has ruled the UM waiver was valid, I will address this issue as well. Again, I respectfully disagree with the majority, as the insured’s UM waiver was invalid under the standards articulated by this Court in Duncan v. U.S.AA. Ins. Co., 06-363, pp. 11-12 (La.l1/29/06), 950 So.2d 544, 551 and Gray v. American Nat. Property & Cas. Co., 07-1670, p. 14 (La.2/26/08), 977 So.2d 839, 849. The formalities mandated in Duncan and Gray are not merely procedural exercises or rote tasks, but rather *97 are substantive requirements meant to prevent “abuse, confusion, and uncertainty ... [in] a process designed to prevent those exact concerns.” Gray, 07-1670 at 13, 977 So.2d at 848. In this case, the insured’s representative did not complete one of Duncan’s six enumerated tasks— initialing the selection or rejection of coverage chosen — before signing the UM selection form. Id. at 849. Validating this waiver, despite the insured’s failure to strictly adhere to Duncan and Gray, invites uncertainty into an area where none should exist.