NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-541


MICHAEL WILLIAMS

VERSUS

GEICO CASUALTY COMPANY, ET AL.


**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20166315
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and John E. Conery, Judges.


AFFIRMED.


Andrew H. Meyers
Breaud & Meyers
600 Jefferson Street, Suite 1101
Lafayette, LA 70502
(337) 266-2200
COUNSEL FOR DEFENDANT-APPELLEE:
    Elliott Construction, LLC

Blaine Barrilleaux
Allison MorrowWeaver
Law Office of Blaine J. Barrilleaux
300 Settlers Trace Blvd., Ste B
Lafayette, LA 70508
(337) 406-8759
COUNSEL FOR PLAINTIFF-APPELLANT:
    Michael Williams

**PICKETT, Judge.**

Michael Williams appeals the judgment of the trial court dismissing his claims against Elliott Construction, L.L.C. (Elliott) on summary judgment.

## FACTS

The state awarded Prairie Contractors, Inc. (Prairie), a contract to resurface the frontage road of I-49 in Lafayette Parish. In furtherance of the contract, Prairie hired subcontractors, two of which are relevant to this proceeding. Prairie hired Elliott to remove the top layer of asphalt from the existing road, a process called cold planing. Prairie hired Brudd Construction Company, L.L.C. (Brudd) to seal the exposed portion of the roadway, a process called chip sealing.

On March 3, 2016, Mr. Williams, an employee of Brudd, was injured in the course and scope of his employment. While Mr. Williams was nailing reflectors to the centerline of the roadway, a vehicle driven by Nelson Washington exited the driveway of SLEMCO and struck Mr. Williams, causing serious injury. Mr. Williams filed suit against Mr. Washington and his insurer.

In a supplemental petition, Mr. Williams added Prairie as a defendant. Prairie moved for summary judgment on the basis that it was Mr. Williams' statutory employer. The trial court granted the motion for summary judgment and dismissed all of Mr. Williams's claims against Prairie. That judgment is not at issue in this appeal.

Mr. Williams filed another supplemental and amending petition adding Elliott as a defendant. Mr. Williams argued that Elliott was negligent and that its negligence was a proximate cause of Mr. Williams' injuries. Specifically, the amended petition alleged that Elliott employees were working in the area of the accident and Elliott was responsible for the safety of the work zone at the time of the accident, including providing adequate flagmen and signage.

Elliott filed an answer denying liability. Subsequently, it filed a motion for summary judgment, alleging there were no genuine issues of material fact and Mr. Williams would be unable to prove that Elliott owed a duty to him or that its negligence caused any injury to him. To its motion for summary judgment, Elliott attached the deposition of Joseph Boudreaux (without any exhibits referred to therein), a foreman for Prairie, and an affidavit signed by Shannon Elliott, the president of Elliott. It argued that the evidence shows that the work done by Brudd and Elliott were separate operations along separate sections of the road and that no employee of Elliott was responsible for traffic control where Brudd was performing its work when Mr. Williams was injured. They also claim that Prairie had agreed to provide all flagmen and signage for Elliott's operations in the construction zone.

In response to the motion for summary judgment, Mr. Williams objected to the affidavit of Mr. Elliott, alleging it was self-serving and lacked credibility as it contradicted the contract between Prairie and Elliott. Mr. Williams attached Mr. Boudreaux's deposition, including the exhibits referenced therein, namely the police accident report and the contract between Elliott and Prairie. In a Reply Memorandum, Elliott objected to the inclusion of the accident report as inadmissible hearsay.

At the hearing on the motion for summary judgment held on April 15, 2019, the trial court granted the motion to exclude the accident report from consideration. It also refused to consider those portions of Mr. Boudreaux's deposition which referred to the accident report. The trial court found there were no grounds to exclude Mr. Elliot's affidavit and denied the objection raised by Mr. Williams. After hearing arguments, the trial court granted summary judgment in favor of Elliott. A judgment in conformity with its ruling was signed on the same date. Mr. Williams has appealed that judgment.

## ASSIGNMENTS OF ERROR

Mr. Williams asserts four errors in his brief to this court:

1. The trial court erred in allowing the contradicted hearsay affidavit of Shannon Elliott. Shannon Elliot was not present on the date of the accident, so any statement concerning the area in which work was being conducted is either speculation or hearsay. Moreover, the affidavit is directly contradicted by the contract between Elliott and Prairie.

2. The trial court erred in excluding the written statements of the witnesses. The written statements should have been admitted not to prove the truth of the matters asserted therein but to identify witnesses working in the area.

3. The trial court erred in excluding the sworn deposition testimony of Ronald Boudreaux finding that his testimony relied upon hearsay statements. As aforementioned, the use of the statements is not hearsay. Additionally, the general rule concerning summary judgment procedure is that sworn deposition testimony is admissible.

4. The trial court erred in finding there were no issues of material fact precluding summary judgment. Whether Elliott Construction, LLC was working in the construction zone at issue and whether Elliott Construction, LLC was responsible for traffic controls are genuine issues of material fact that preclude summary judgment.

## DISCUSSION

A court of appeal reviews summary judgments de novo, using the same standard as the trial court: whether there are any genuine issues of material fact and whether the mover is entitled to judgment as a matter of law. *La. Safety Ass'n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass'n*, 09-23 (La. 6/26/09), 17 So.3d 350. In this case, Mr. Williams bears the burden of proving that Elliott breached a duty it owed to him, and as a result he suffered damages. Thus, Elliott must show the absence of factual support for an element of Mr. Williams's claim. La.Code Civ.P. art. 966(D)(1). Elliott sought to show two reasons the claims against it were unfounded: (1) Prairie, not Elliott, had agreed to provide traffic control for Elliott's work on the project and (2) Elliott's operations were not being conducted in the same area of the construction zone as Brudd at the time of the accident.

3

In its first assignment of error, Mr. Williams claims the trial court erred in allowing the affidavit of Mr. Elliott, citing *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. In *Hines*, the supreme court acknowledged that ordinarily a court should not decide credibility issues in a motion for summary judgment. The defendant in *Hines* introduced an affidavit that was at odds with his deposition testimony about certain salient points. The supreme court ruled that the issues were not appropriate for summary judgment and should instead be determined at trial.

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La.Code Civ.P. art. 967(A). The general rule is that when considering a motion for summary judgment, the trial court cannot "consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La.3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 04-1460, 04-1466, p. 11 (La. 4/12/05), 907 So.2d 37, 48). Mr. Elliott's affidavit states, "[Prairie] agreed to provide and did in fact provide all flagmen, traffic controls and traffic signage for [Elliott's] cold planing of the subject road." Mr. Boudreaux's deposition stated that while subcontractors are usually responsible for providing traffic control, Prairie had assumed that responsibility from Elliott. The contract between Prairie and Elliott, though, very clearly indicates that the subcontractor, Elliott, was responsible for safety measures, including traffic control. This conflict in the evidence does not warrant the exclusion of the affidavit, though it does create an issue of fact not properly resolved in summary judgment proceedings. Whether that fact is material will be discussed in assignment of error four.

Mr. Williams claims the affidavit should also be stricken because Mr. Elliott was not at the worksite on the date of the accident. Mr. Elliott's affidavit states that he is a member/manager of the company, and he has personal knowledge of Elliott's operations. Mr. Elliott states that on the date Mr. Williams suffered his injuries, the Elliott crew was working south of the intersection of the I-49 Frontage Road and Gloria Switch Road. As principal of the company, he swears in his affidavit to have knowledge of his employees' operations on the date of the accident. As we have already discussed, it is improper to make credibility determinations in a summary judgment proceeding. Mr. Williams's petition states that Mr. Washington's vehicle struck Mr. Williams as it exited the parking lot of the SLEMCO facility that is located on the I-49 Frontage Road north of Gloria Switch Road. We find no cause to strike Mr. Elliott's affidavit. Mr. Williams's first assignment of error lacks merit.

In his second assignment of error, Mr. Williams argues the trial court erred in not considering the police report from the accident into evidence, which included witness statements from two Elliott employees. Louisiana Code of Civil Procedure Article 966(A)(4) states:

> The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

"The trial court, and this court on de novo review, may only consider evidence that is admissible under the express provisions of La.Code Civ.P. arts. 966-67." *Terrell v. Town of Lecompte*, 18-1004, p. 8 (La.App. 3 Cir. 6/5/19), 274 So.3d 605, 611. Investigative reports by police are hearsay and inadmissible. La.Code Evid. art. 803(8)(b)(1). "The trial court is accorded vast discretion concerning the admission of evidence, and its decision will not be reversed on appeal absent an abuse of that

discretion." *McIntosh v. McElveen*, 04-1041, pp. 9-10 (La.App. 3 Cir. 2/2/05), 893 So.2d 986, 994 (citing *Maddox v. Omni Drilling Corp.*, 96-1673 (La.App. 3 Cir. 8/6/97), 698 So.2d 1022, *writs denied*, 97-2766, 2767 (La. 1/30/98), 709 So.2d 706), *writ denied*, 05-528 (La. 4/29/05), 901 So.2d 1069.

Mr. Williams argues, though, that the witness statements taken from Chris Stagg and Louis Hanchey should be admitted, not to prove the truth of their statements, but to show that they were close enough to the accident to be interviewed as witnesses, and to rebut evidence that suggests they were not working in the same area as Mr. Williams. To support his claim that the statements should be admissible, Mr. Williams cites the second circuit opinion in *Zeno v. Great S. Coaches of Ark., Inc.*, 51,370 (La.App. 2 Cir. 5/17/17), 223 So.3d 599. In that case, a bus passenger sued the bus company after an object flew through the windshield and injured the passenger. The plaintiff contended that the driver of the bus concealed from the police the fact that he was in the passing lane at the time of the accident. The trial court refused to admit the entire police report into evidence, but did consider the brief passage where the bus driver told the reporting officer that he was in the left lane at the time of the incident. The court of appeal found no abuse of the trial court's discretion in considering that statement.

Mr. Williams argues that the investigating officer would not have asked for written statements from Mr. Stagg and Mr. Hanchey unless they were in the area. He does not want us to consider the contents of the statements, but he does want us to infer that their existence means that summary judgment is inappropriate. We find that the contents of the statements do support help Mr. Williams's cause. Mr. Stagg's statement reads:

> I was running my Rode Tec mindie [machine?] I didn't see noting [sic] what happen. To the man

Mr. Hanchey's statement reads:

> I was running electronics on milling machine and started walking to water truck and Chevy P/U truck stopped in middle of road and man on the ground. There was a lady with gray scrubs on assisting him.

Neither of the Elliott workers saw the accident. Mr. Boudreaux testified that the water truck, which was used by the milling machines, was often parked up to half a mile away from the place where the work was performed. The fact that the Elliott workers gave voluntary statements to the investigating officer does not necessarily mean that they were working in the same area as Brudd's operations, as Mr. Williams suggests.

We find the trial court did not abuse its discretion in refusing to consider the witness statements attached to the police report. They are clearly inadmissible pursuant to the Code of Evidence. This assignment of error lacks merit.

Mr. Williams next assigns as error the trial court's ruling excluding portions of Mr. Boudreaux's deposition that reference the statements of Mr. Stagg and Mr. Hanchey to the police. Mr. Boudreaux was asked to read Mr. Stagg's statement and then asked why Mr. Stagg would be in that area. Mr. Boudreaux stated that the only reason that Mr. Stagg would be on the machine in the area is if he was moving the machine. He did not remember what Mr. Stagg was doing on that day. In response to further questioning, Mr. Boudreaux stated that if Mr. Stagg was in the area on the milling machine, he would have been moving it from one place to another. As to Mr. Hanchey's statement, Mr. Boudreaux explained that he did not know where Mr. Hanchey was when he saw the truck stopped in the road or where the water truck was located. He did state that the water truck, which is used to fill up the milling machine, could have been a half mile away from where Mr. Hanchey was working electronics on the milling machine.

To support his argument, Mr. Williams cites *Bindom v. Kirby*, 18-9 (La.App. 1 Cir. 4/23/19), 276 So.3d 550. In *Bindom*, a man accused of shoplifting sued the store and its employees for defamation. The officer who was on scene and pursued the plaintiff testified by deposition. The plaintiff sought to exclude the deposition as hearsay. The appeal court found that the trial court properly ruled that the deposition testimony was admissible pursuant to La.Code Civ.P. art. 966(A)(4). Further, it found that the deposition was introduced to show that the store employees told the officer that the suspect might be the plaintiff, not for the truth of the matter asserted. The first circuit determined that the officer conducted his own investigation and came to the conclusion the suspect was the plaintiff.

Here, the deponent, Mr. Boudreaux, was confronted with statements made not to him, but to the police. He was asked if he knew why those men would be in the area. He could not recall if Mr. Stagg or Mr. Hanchey were in the area or what they would have been doing there, though he did speculate as to possible reasons. At the hearing, Mr. Williams complained that Elliott did not object to the introduction of the police report during Mr. Boudreaux's deposition. At the time of the deposition, Elliott had not been named as a defendant in the third amending petition. Thus, its first opportunity to object was its response to opposition to the motion for summary judgment, attached to which was the police report. Note that originally, Elliott introduced the deposition of Mr. Boudreaux in support of the motion for summary judgment, though it did not attach the exhibits to the deposition. The trial court did not abuse its discretion in refusing to consider this testimony.

In the final assignment of error, Mr. Williams argues that summary judgment is not appropriate because there are two genuine issues of material fact: whether Elliott was working in the same construction zone as Brudd and whether Prairie had assumed responsibility for the safety plan in Elliott's construction zone. For reasons

discussed above, the issue of whether Elliott or Prairie was responsible for providing flagmen in construction zones where Elliott was working is a contested fact. Mr. Boudreaux and Mr. Elliott claim Prairie was responsible for safety. The written contract between Elliott and Prairie states that Elliott is responsible. The question before this court, though, is whether it is a **material** fact.

Mr. Boudreaux explained that there were three stages to the process of the work performed: milling, chip sealing, and paving with asphalt. Elliott was hired to do the milling. Brudd was hired to do the chip sealing. Prairie did the paving. The processes were performed sequentially, and the second stage would not start until the first stage was completed. The third stage could not begin until the chip sealing had cured, at least five days after the last application. Mr. Boudreaux described the work of Brudd and Elliott as "two different operations totally." He testified that the only crew working in the construction zone north of Gloria Switch Road was the Brudd crew. According to the contract between Prairie and Brudd and Mr. Boudreaux's testimony, Brudd was responsible for providing flagmen for its work area.

Mr. Elliott testified that his milling crew was working south of Gloria Switch Road on the date of the accident. His affidavit states that the accident occurred in front of the SLEMCO facility, which he knows to be north of Gloria Switch Road.

Because we find there is no competent evidence to show that Elliott employees were working in the area around SLEMCO where Mr. Williams was injured, Mr. Williams will be unable to prove an essential element of his claim against Elliott. Because Elliott was working in a different area, it had no duty to provide traffic control for the area where Brudd employees, including Mr. Williams, were working. The party opposing summary judgment cannot rely on mere

allegations or denials, but must produce competent evidence setting forth specific facts that there is a genuine issue for trial. La.Code Civ.P. art. 967(B).

This assignment of error lacks merit.

## **CONCLUSION**

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Williams.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules–Courts of Appeal, Rule 2–16.3

10