NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2023 CA 0528

VERNON ST. AMANT

VERSUS

CANADIAN NATIONAL RAILROAD, ABC INSURANCE COMPANY,
ILLINOIS CENTRAL RAILROAD COMPANY AND DEF INSURANCE
COMPANY

Judgment rendered: **NOV 0 9 2023**

* * * * *

On Appeal from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
No. 130,704 Division "D"

The Honorable Steven Tureau, Judge Presiding

* * * * *

| | |
|---|---|
| Hilary G. Gaudin<br>Elizabeth M. Gaudin<br>Gretna, Louisiana | Attorneys for Appellant<br>Vernon St. Amant |
| Bradley R. Belsome<br>Crystal E. Domreis<br>Brodie G. Glenn<br>Lance V. Licciardi, Jr.<br>New Orleans, Louisiana | Attorneys for Appellee<br>Illinois Central Railroad Company |
| Jeff Landry<br>Attorney General<br>Barbara Pilat<br>Assistant Attorney General<br>Baton Rouge, Louisiana<br>and<br>Jeannie C. Prudhomme<br>Assistant Attorney General<br>Lafayette, Louisiana | Attorneys for Appellee<br>State of Louisiana, through the<br>Department of Transportation<br>and Development |

* * * * *

**BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.**

**HOLDRIDGE, J.**

Plaintiff, Vernon St. Amant, appeals from a trial court judgment granting a motion for summary judgment in favor of a defendant, the State of Louisiana, through the Department of Transportation and Development (DOTD), and dismissing his claims against it with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 5, 2021, Mr. St. Amant filed suit against Canadian National Railroad, Illinois Central Railroad Company, and their unnamed insurers, seeking to recover damages arising from an incident that allegedly occurred at a railroad crossing on February 14, 2020. Mr. St. Amant alleged that, on that date, he was driving a 2001 Mack dump truck over a railroad crossing on Louisiana Highway 22 in Darrow, Louisiana, when a piece of concrete "came up off the [railroad] crossing and struck [the] [undercarriage] of the dump truck," injuring him and damaging the truck. On February 11, 2021, Mr. St. Amant filed a motion to amend his petition to add DOTD as a defendant, which the trial court granted.[1] Mr. St. Amant alleged that the railroad companies were liable for their negligence in failing to properly maintain the roadway, to clear debris from the railroad crossing, to warn of the hazard they knew or should have known about, and for failing to exercise reasonable care to keep the roadway safe and free of any hazardous conditions pursuant to La. R.S. 9:2800.6.[2] He also alleged that the railroad companies were negligent in allowing a defective and unreasonable dangerous

---

[1] Mr. St. Amant named the State of Louisiana as a defendant, but the proper name for the defendant is State of Louisiana through the Department of Transportation and Development. Mr. St. Amant also added the City of Gonzales and the Parish of Ascension as defendants, but the City of Gonzales was dismissed from the suit with prejudice, and the Parish of Ascension was dismissed from the suit without prejudice.

[2] Mr. St. Amant cited La. R.S. 9:2800.6 as the basis of the railroad companies' duty to keep the roadway safe and free from hazardous conditions, but that statute applies to a merchant's duty to keep aisles, passageways, and floors in a reasonably safe condition.

2

condition to exist on the roadway. In his amending petition, Mr. St. Amant alleged that DOTD "may have also been responsible for the condition and/or maintenance of the railroad crossing."

DOTD answered Mr. St. Amant's petition and then on September 30, 2022, filed a motion for summary judgment. In its summary judgment motion, DOTD contended that it was not liable for the incident because it did not own, control, or maintain the railroad tracks or the asphalt in between the tracks at the location of the incident.

Mr. St. Amant responded to the summary judgment motion, contending that La. R.S. 48:382, 48:386(A), 45:323, and 48:21 impose a duty upon DOTD in some instances to bear the primary responsibility for maintaining the road at a railroad crossing.

The trial court held a hearing on January 23, 2023, and granted the summary judgment motion, stating that DOTD established that it did not maintain, own, design, or construct the railroad crossing.[3] The trial court then signed a judgment on February 9, 2023, granting DOTD's motion for summary judgment and dismissing the claims brought against it by Mr. St. Amant with prejudice.

Mr. St. Amant appeals from the judgment, contending that the trial court erred.

## SUMMARY JUDGMENT

Appellate courts review the granting of a summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. See La. C.C.P.

---

[3] The hearing on the summary judgment motion was continued once from November 28, 2022, until January 23, 2023, on Mr. St. Amant's motion.

3

art. 966(A)(3); **Lucas v. Maison Insurance Co.,** 2021-1401 (La. App. 1 Cir. 12/22/22), 358 So.3d 76, 83-84.

The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. See La. C.C.P. art. 966(A)(2). The purpose of a motion for summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. **Hines v. Garrett,** 2004-0806 (La. 6/25/04), 876 So.2d 764, 769 (*per curiam*). After an adequate opportunity for discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4).[4]

On a motion for summary judgment, the initial burden of proof rests with the mover. See La. C.C.P. art. 966(D)(1); **Lucas,** 358 So.3d at 84. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, after meeting its initial burden of showing that there are no genuine issues of material fact, the mover may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, summary judgment shall be granted unless the

---

[4] The motion for summary judgment at issue in this appeal was filed and decided under La. C.C.P. art. 966 prior to its amendment by 2023 La. Acts No. 317, § 1, and 2023 La. Acts No. 368, § 1, which became effective on August 1, 2023.

adverse party can produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1); **Lucas**, 358 So.3d at 84.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether there is a genuine issue of material fact. **Collins v. Franciscan Missionaries of Our Lady Health System, Inc.**, 2019-0577 (La. App. 1 Cir. 2/21/20), 298 So.3d 191, 194, writ denied, 2020-00480 (La. 6/22/20), 297 So.3d 773. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. **Hines**, 876 So.2d at 765. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. **Hines**, 876 So.2d at 765. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. **Collins**, 298 So.3d at 195.

## TORT LIABILITY LAW

In determining whether the trial court erred in granting DOTD's summary judgment motion, this court must consider whether DOTD is liable pursuant to La. R.S. 9:2800, which sets forth the requirements for a public entity's liability for a defective thing within its custody or care. See **Broussard v. State ex rel. Office of State Buildings**, 2012-1238 (La. 4/5/13), 113 So.3d 175, 181. Under La. R.S. 9:2800, in order to prove a public entity is liable for damages caused by a thing, the plaintiff must establish: (1) the public entity had custody or ownership of the defective thing; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation. **Chambers v.**

5

**Village of Moreauville**, 2011-898 (La. 1/24/12), 85 So.3d 593, 597. Failure to meet any one of these statutory requirements will defeat a claim against the public entity. **Himes v. State through Department of Transportation and Office of Engineering**, 2021-0138 (La. App. 1 Cir. 6/4/21), 327 So.3d 536, 539.

In determining whether a thing is in one's custody, courts should consider: (1) whether the person bears such a relationship as to have the right of direction and control over the thing; and (2) what, if any, kind of benefit the person derives from the thing. See **Rodrigue v. Baton Rouge River Center**, 2015-0703 (La. App. 1 Cir. 11/9/15), 2015 WL 6951410, *3 (unpublished).

## SUMMARY JUDGMENT EVIDENCE

DOTD'S summary judgment motion was supported by an excerpt from Mr. St. Amant's deposition and the affidavit of William Shrewsberry, a licensed civil engineer employed by DOTD. Mr. St. Amant testified that when he crossed the railroad tracks on Louisiana Highway 22, "the concrete popped up under the truck." Mr. St. Amant stated that he pulled over to see what had happened, and "a big concrete was in the middle of the street." When asked if the piece of roadway involved was from "in between the actual metal tracks," Mr. St. Amant replied affirmatively. He added, "In between -- in between the train -- the railroad, they got ... concrete pillars right there, and there was one in the middle of the railroad tracks."

Mr. Shrewsberry stated in his affidavit that he was the designated representative of DOTD for purposes of DOTD's participation in the administration of certain projects performed for purposes of the Federal Railroad Safety Programs (Highway/Rail Safety Program Projects) authorized by the provisions of 23 U.S.C.A. § 130 *et seq.* In his capacity as the designated representative, Mr. Shrewsberry said that he had personal knowledge of and was

6

familiar with the Illinois Central Railroad Company crossing at Louisiana Highway 22 in Darrow, Louisiana. According to Mr. Shrewsberry, DOTD owned and maintained Louisiana Highway 22, including the asphalt paved approaches to the railroad crossing, but it did not own or maintain the crossing. Mr. Shrewsberry stated, "Specifically, DOTD maintains the paved traffic lanes of [Louisiana Highway] 22 to a point approximately four (4) feet from the rail on each side of the crossing...." He affirmed that DOTD did not participate in "or play any role whatsoever in" the design or construction of the crossing area. Mr. Shrewsberry added that DOTD had not "participated in or played any role whatsoever in the construction, installation, or maintenance of railroad warning lights, visible alerts, or audible alerts at the crossing."

In opposition to the summary judgment motion, Mr. St. Amant attached excerpts from Mr. Shrewsberry's deposition.[5] In his deposition, Mr. Shrewsberry testified that he did not know whether DOTD sent someone out to look at the crossing after the incident. Mr. Shrewsberry also stated that DOTD did not maintain the crossing involved in the incident.

## ANALYSIS

On appeal, Mr. St. Amant contends that the trial court erred in granting the summary judgment motion because DOTD's evidence was not sufficient to prove that it did not have a duty to maintain the railroad crossing, based on several state statutes. Mr. St. Amant cites La. R.S. 48:382, 48:386(A), and 48:21 to support his contention that DOTD owed him a duty to maintain the crossing. Louisiana Revised Statutes 48:382 states, in pertinent part:

> A. **When an existing highway is intersected ... by** a facility or utility used or to be used for the transportation of persons or commodities, as **a railway ..., the owner of the** facility **or utility**

---

[5] Mr. Shrewsberry's name on the cover of the deposition excerpts is "William Curtis Shrewsberry, Jr."

7

shall provide a means of crossing the highway which in the opinion of the chief engineer or his duly authorized representative is appropriate and adequate and **shall provide for the subsequent maintenance and replacement of the crossing** in accordance with current maintenance standards.

B. **When a highway is constructed across such** an existing facility or **utility, the agency constructing or causing the construction of the highway shall provide** for the construction of an adequate and appropriate crossing and **for the subsequent maintenance and replacement of the crossing** in accordance with current maintenance standards.

(Emphasis added.)

As can be seen from the language of La. R.S. 48:382, whether the railway constructs a crossing over an existing highway or whether DOTD constructs a highway over an existing crossing determines whether the railroad or DOTD is responsible for maintaining the crossing. Mr. St. Amant did not provide evidence to show that DOTD constructed Louisiana Highway 22 over an existing railroad crossing, which could lead to a duty to maintain the crossing pursuant to La. R.S. 48:382(B).

As stated earlier, Mr. St. Amant also relies on La. R.S. 48:386(A), which states:

Whenever a highway crosses a railroad track at grade, and the grade crossing needs repair and should, in the judgment of the chief engineer or his duly authorized representative, be repaired, and if, after fifteen days' notice in writing, the railroad company whose tracks are crossed thereby fails to repair it, the department may make the repairs and maintain the crossing and charge the expenses thereof to the railroad company.

DOTD contends that La. R.S. 48:386(A) provides that it may make repairs and maintain a railroad crossing at the railroad's expense where the railroad company fails to repair it within fifteen days of notice of a deficiency. Moreover, DOTD correctly contends that La. R.S. 48:386(A) does not require it to repair and

8

maintain a railroad crossing. Mr. St. Amant did not provide evidence to rebut Mr. Shrewsberry's statements in his affidavit that DOTD did not maintain the crossing.

Mr. St. Amant also refers to La. R.S. 48:21 as the basis of his contention that DOTD had to maintain the crossing. Louisiana Revised Statutes 48:21 states, in pertinent part:

> A. The functions of the department shall be to study, administer, construct, improve, maintain, repair, and regulate the use of public transportation systems and to perform such other functions with regard to public highways, roads, and other transportation related facilities as may be conferred on the department by applicable law.

In interpreting the different statutes that Mr. St. Amant proposes control in this case, we note the general rule of statutory construction, which is that a specific statute controls over a broader, more general statute. **Burge v. State**, 2010-2229 (La. 2/11/11), 54 So.3d 1110, 1113. While DOTD's functions include the duty to maintain and repair public highways and roads, the more specific statutes covering railroad crossings apply in this case.

In our *de novo* review of this matter, we initially consider that DOTD will not bear the burden of proof at trial on the issues before the court on summary judgment. We find that through the exhibits attached to its motion for summary judgment, DOTD established that it did not own, control, or maintain the railroad tracks or the concrete or area in between the tracks at the location of this accident. Thereafter, the burden shifted to Mr. St. Amant to show there were genuine issues of material fact as to whether DOTD had any responsibility to maintain the railroad crossing in question. Mr. St. Amant did not then come forward with factual support to establish a genuine issue of material fact as to DOTD's custody, care, or ownership of the crossing. In the excerpts from Mr. Shrewsberry's deposition that Mr. St. Amant submitted in opposition to the summary judgment motion, he stated that DOTD did not maintain the railroad crossing that is the subject of this suit.

9

Therefore, we find that DOTD is entitled to summary judgment. Mr. St. Amant's contentions that the trial court erred in granting DOTD's summary judgment have no merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of February 9, 2023, granting the motion for summary judgment filed by the State of Louisiana, through the Department of Transportation and Development, and dismissing the claims brought against it by Vernon St. Amant with prejudice. Costs of this appeal are assessed to Vernon St. Amant.

**JUDGMENT AFFIRMED.**