# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-516

DEUTSCHE BANK TRUST COMPANY, N.A., ET AL.

VERSUS

KENNETH WAYNE VIDRINE, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20106311
HONORABLE ROYALE L. COLBERT, JR., DISTRICT JUDGE

**********

## GARY J. ORTEGO
## JUDGE

**********

Court composed of D. Kent Savoie, Charles G. Fitzgerald, and Gary J. Ortego, Judges.

AFFIRMED.

**Stephen W. Rider**
**Bennett E. Richardson**
**McGlinchey Stafford, PLLC**
**601 Poydras Street, 12th Floor**
**New Orleans, LA 70130**
**(504) 586-1200**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Deutsche Bank Trust Company, N.A.**

**Garth J. Ridge**
**Attorney at Law**
**251 Florida St., Suite 301**
**Baton Rouge, LA 70801**
**(225) 343-0700**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Kenneth Wayne Vidrine**
    **Annette Searle Vidrine**

**Penny M. Daigrepont**
**Attorney at Law**
**3510 N. Causeway Blvd. #600**
**Metairie, LA 70002**
**(504) 831-7726**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Deutsche Bank Trust Company, N.A.**

**Lindsay G. Faulkner**
**Wanek Kirsch Davies LLC**
**1340 Poydras St., Ste. 2000**
**New Orleans, LA 70112**
**(504) 346-6493**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Deutsche Bank Trust Company, N.A.**

**Amanda Stout**
**McGlinchey Stafford, PLLC**
**301 Main Street, Ste. 1400**
**Baton Rouge, LA 70801**
**(225) 383-9000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Deutsche Bank Trust Company, N.A.**

**ORTEGO, Judge.**

This civil matter comes from a lawsuit filed pursuant to a loan secured by a mortgage on defendants'/debtors' land and home. The lender was granted summary judgment with the trial court finding that the defendants owed the full amount of the loan, plus interest and costs. The defendants appeal. For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On November 18, 2003, Kenneth Vidrine executed an adjustable-rate promissory note payable to Long Beach Mortgage Company in the amount of $152,000.00. The note was secured with an act of mortgage executed by Kenneth Vidrine and Annette Vidrine (the Vidrines) on real property improved with a home located in Lafayette Parish, and the act of mortgage was duly recorded in Lafayette Parish.

The promissory note was endorsed from Long Beach Mortgage Company to Deutsche Bank National Trust Company (Deutsche Bank). On September 24, 2010, Deutsche Bank filed a petition for executory process, alleging that the note and mortgage were due and unpaid, with no payment received for the June 1, 2010 installment.

The Vidrines responded by filing a petition for preliminary injunction and permanent injunction to arrest seizure and sale of immovable property, asserting they were not in default. The Vidrines claimed that the default was caused by the loan servicer, Litton Loan Servicing (Litton), placing insurance on the property beginning in 2008, even though the Vidrines had provided proof of a private insurance policy. The Vidrines also claimed that Litton had placed unrequired flood insurance on the property beginning in 2008. According to the Vidrines, Litton charged to the loan $6,878.09 for these lender-placed insurance policies, and

this caused the mortgage to become delinquent. Deutsche Bank opposed the Vidrines' request for preliminary injunction because the Vidrines were in default at the time the suit was filed, and the lender-placed insurance premiums were credited to the Vidrines' account. The trial court granted the preliminary injunction preventing Deutsche Bank from proceeding with executory process.

Thereafter, Deutsche Bank converted this matter to an ordinary process. The Vidrines answered Deutsche Bank's petition and asserted a reconventional demand, asserting claims under the Equal Credit Opportunity Act. The court dismissed the Vidrines' reconventional demand and granted Deutsche Bank's exception of no cause of action.

Then, Deutsche Bank amended its petition to clarify that Mrs. Vidrine was an *in rem* defendant. The Vidrines answered the amended petition.

Deutsche Bank then filed their motion for summary judgment. After a hearing, the trial court granted Deutsche Bank's motion for summary judgment against the Vidrines in the amount of $301,782.89, which included the principal amount due; interest on the unpaid principal from June 1, 2010, to February 26, 2021; additional interest at the rate of 8.125% per annum from February 26, 2021; and attorney's fees of $2,500.00. The Vidrines appeal this judgment assigning two errors.

## ASSIGNMENTS OF ERROR

On appeal, the Vidrines assign the following errors by the trial court:

1. The Trial Court erred in granting plaintiff-appellee summary judgment when the evidence presented at least a genuine issue of material fact as to whether this suit was filed when the note was in default.

2. The Trial Court erred in granting plaintiff-appellee summary judgment when there were genuine issues as to the amount owed.

2

# LAW AND DISCUSSION

*I.    Standard of Review*

This court, in *Byline Bank v. Alexandria Hospitality Partners, L.L.C.*, 21-630, pp. 7-8 (La.App. 3 Cir. 5/25/22), 339 So.3d 786, 790-91, addressed the standard of reviewing a motion for summary judgment, stating:

> A court of appeal reviews summary judgments de novo, using the same standard used by the trial court. *Higgins v. Louisiana Farm Bureau Cas. Ins. Co.*, 20-1094 (La. 3/24/21), 315 So.3d 838. Pursuant to La.Code Civ.P. art. 966(A)(2), the summary judgment procedure is favored and must be construed to accomplish its purpose of "the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." Article 966(A)(3) further provides that the "motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

> The Louisiana Supreme Court in *Larson v. XYZ Insurance Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416-17, further provides:

>> In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id*. at 765-66.

>> . . . .

>> When a motion for summary judgment is made and supported as provided in La. C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in La. C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B); see also *Dejoie v. Medley*, 2008-2223 (La. 5/5/09), 9 So.3d 826, 832. Whether a particular fact in

> dispute is material can be seen only in light of the substantive law applicable to the case. *Richard v. Hall*, 2003-1488 (La. 4/23/04), 874 So.2d 131, 137.

## II.    *Genuine Issue of Material Fact - Note Status when Suit was Filed*

In the Vidrines' first assignment of error, they argue that the trial court erred by granting Deutsche Bank's summary judgment when the evidence presented created a genuine issue of material fact as to whether the note was in default when this suit was filed.

Deutsche Bank, as movant for the summary judgment, has the initial burden of proving entitlement to judgment. Deutsche Bank filed suit against the Vidrines on September 24, 2010. At the hearing, Deutsche Bank produced documents proving the loan's existence and terms, along with a detailed transaction payment history of the loan, which were all accepted by the trial court. According to the loan documents, the Vidrines were periodically one month behind on their mortgage payments as far back as January 2006. While there were specific months where the Vidrines would allegedly "catch up," those times were far outnumbered by times they were late or in default. As an example of this, the record shows that the June 11, 2010 payment, sent by the Vidrines, was applied to the outstanding May 1, 2010 note, and the Vidrines did not send another payment for the June 1, 2010 note.

In opposition, and according to Mr. Vidrine's affidavit, he stated that their July 2010 payment was for the August 1, 2010 note, and any further attempts by them to pay any notes towards the mortgage were refused. However, and according to the detailed transaction payment report submitted by Deutsche Bank, this July 9, 2010 payment was the final payment the Vidrines attempted to make toward the mortgage notes.

4

A review of the full record shows that the Vidrines were, in fact, in default when suit was filed on September 24, 2010, because the July payment, regardless of whether it was credited towards the outstanding June, July, August, or September delinquent note payment(s), there still remained several monthly notes in default as of the date suit was filed.

Thus, we find the record fully supports the trial court's finding that there was no issue of material fact that the Vidrine's note and mortgage were in default when suit was filed in this matter. Accordingly, we find no merit to Appellant's first assignment of error.

III.     *Genuine Issue of Material Fact - Amount Owed*

The Vidrines final assigned error is that the trial court erred in granting Deutsche Bank summary judgment when there were genuine issues as to the amount owed. We disagree.

Deutsche Bank, as movant for the summary judgment, has the initial burden of proving entitlement to judgment. It produced documents proving the loan's existence and terms, a detailed transaction payment history of the loan, and affidavit testimony of Sally Torres, a senior loan analyst. Ms. Torres testified, via affidavit, that she had reviewed the loan records and that as of February 26, 2021, the principal amount the Vidrines owed Deutsche Bank was $301,782.89. After reviewing the evidence provided, we find that Deutsche Bank carried this initial burden of proving entitlement to summary judgment.

Having found that Deutsche Bank carried that initial burden, we look to whether the Vidrines, in their opposition to this motion for summary judgment, set forth specific facts and evidence showing that there was a genuine issue for trial. The Vidrines produced only the affidavit of Kenneth Vidrine to oppose the motion.

Mr. Vidrine's affidavit alleges that the Vidrines were charged improperly for excessive late fees, fees designated as "Borr Auth Elec Fee," and the cost of the lender acquired insurance policies for fire and flood insurance. Further, in his affidavit, he acknowledged that Deutsche Bank did credit the loan and returned insurance payments tendered by the Vidrines in July 2010 and September 2010.

Regarding excessive late fees, our review of the record, and specifically the detailed transaction payment history in evidence, reveals that the allegations in Mr. Vidrine's affidavit are misguided. The excessive late charges, cited by Mr. Vidrine in his affidavit, are entries in the transaction history denoting the Vidrines paying late fees incurred previously. As an example, Mr. Vidrine cites lines 190-193 to indicate duplicate late fee charges. However, lines 190-193 detail four payments of late charges in the amount of $72.10 for the Vidrines' failure to pay their note due in January, February, March, and April 2009. Thus, when the Vidrines paid the May 2009 note, line 190 notes payment of the $72.10 late fee assessed in January 2009, line 191 notes payment of the $72.10 late fee assessed in February 2009, line 192 notes payment of the $72.10 late fee assessed in March 2009, and line 193 notes payment of the $72.10 late fee assessed in April 2009. The same is true for the remaining entries referenced in Mr. Vidrine's affidavit. Thus, we find that there is no genuine issue of material fact regarding these alleged excessive late fees.

Regarding the "Borr Auth Elect Fee," Mr. Vidrine asserts in his affidavit that they do not owe such a fee. However, a review of the record shows that there is no evidence in this motion for summary judgment that Deutsche Bank attempted to collect such a fee. Thus, this alleged fee is not relevant to this appeal.

Next, Mr. Vidrine, via his affidavit, purports that genuine issues of fact exist regarding insurance policies the lender purchased and placed on this property loan. According to the Vidrines, these policies were not necessary, and charging them for these policies was improper. In looking to the detailed transaction history of the loan in evidence, the Vidrines were properly credited for the lender placed insurance premiums prior to suit being filed. Specifically, lines 402 and 404 indicate that the Vidrines were credited with $3,015.98 and $1,916.25 on February 18, 2010, once the lender received proof of an insurance policy covering the property from the Vidrines, and suit was not filed by Deutsche Bank until September 24, 2010. The Vidrines further contend that they should have been credited with the full amount of the policies acquired by the lender. However, the record indicates that there was a period of time and a gap in coverage from May 5, 2008 through September 5, 2008, and despite claiming that they had a GEICO policy that covered that period, the Vidrines failed to produce that policy or proof of coverage. At the hearing, Deutsche Bank produced evidence it paid insurance policy premiums to cover the property and thus was owed under the loan agreement, for those payments, less the proper refunds issued to the Vidrines when they produced proof of coverage. Thus, we find that no genuine issue of fact exists regarding the propriety of Deutsche Bank receiving judgment for the paying of insurance premiums to cover these periods of time and gap(s) in the Vidrines' coverage.

The final issue raised in their opposition, via Mr. Vidrine's affidavit, is Deutsche Bank's refusal of payments they allegedly attempted to make in July and September 2010. A reading of the Vidrines' mortgage, in evidence, and specifically Paragraph 1 on Page 4 of their mortgage states, in pertinent part, "[l]ender may return any payment of partial payment if the payment or partial

7

payments are insufficient to bring the Loan current." The record shows that these payments allegedly attempted by the Vidrines were insufficient to bring the loan current, thus, Deutsche Bank acted in accordance with the terms of the mortgage and loan agreement.

Additionally, and in brief, the Vidrines argue that a genuine issue of material fact exists regarding an item in Ms. Torres's affidavit, that of the Recoverable Balance, in the amount of $14,027.48. Our review of the loan documents, in evidence, indicate that the lender may recover for those fees detailed as those incurred for services performed in connection with the Vidrines' default and in connection with protecting the lender's interest in the mortgaged property, such as attorney's fees, and property inspection and valuation fees. Although Ms. Torres's affidavit does not list those items separately, it properly accounts for these items and fees under the heading of Recoverable Balance. The Vidrines further argue that this Recoverable Balance line item is unexplained. However, they failed to produce any evidence that the Recoverable Balance, and these expenses incurred by the lender, were not properly assessed and owed to the lender under the terms of their note and mortgage. We find that this mere allegation by the Vidrines is not sufficient to create a genuine issue of material fact.

Finally, the Vidrines argued that the date from which interest was calculated was incorrect. However, a review of Ms. Torres's affidavit shows and details that the interest owed was in fact properly calculated on the principal amount the Vidrines' owed from June 1, 2010 to February 26, 2021. Again, the Vidrines failed to produce any evidence other than simply arguing that the calculation of the interest due was incorrect. We find that this mere allegation by the Vidrines is not sufficient to create a genuine issue of material fact.

Accordingly, and given the above, we find that this assignment of error lacks merit.

## DECREE

Kenneth and Annette Vidrine raise two assignments of error alleging that the trial court erred in granting Deutsche Bank's motion for summary judgment. After a de novo review, we find no error by the trial court. Accordingly, we affirm the trial court's judgment in its entirety. All costs of this appeal are assessed to Kenneth and Annette Vidrine.

**AFFIRMED.**