PATRICIA ANNE JONES      *      **NO. 2024-CA-0520**

**VERSUS**      *

     **COURT OF APPEAL**

**ETI, INC., WHEELER TILE**      *
**CONSTRUCTION, INC.,**
**PRECISION SHORING, LLC,**      *      **FOURTH CIRCUIT**
**ROSS CONSTRUCTION &**      **STATE OF LOUISIANA**
**REMODELING, LLC**      * * * * * * *

CONSOLIDATED WITH:          CONSOLIDATED WITH:

PATRICIA A. JONES          NO. 2024-CA-0521

VERSUS

ETI, INCORPORATED, ABC INSURANCE
COMPANY, PRECISION SHORING, LLC,
ATAIN SPECIALTY INSURANCE
COMPANY, RLH INVESTMENTS, LLC
D/B/A LANDRIEU CONCRETE SERVICES,
DEF INSURANCE COMPANY, ROSS
CONSTRUCTION COMPANY AND XYZ
INSURANCE COMPANY

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-01328, DIVISION "B"
Honorable Marissa Hutabarat
* * * * * *
**Chief Judge Roland L. Belsome**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Rosemary Ledet,
Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins, Judge Karen K. Herman)

**LEDET, J, DISSENTING WITH REASONS.**
**ATKINS, J., CONCURS IN THE RESULT.**

Jerald N. Andry, III
James M. Williams
Inemesit U. O'Boyle
Chehardy Sherman Williams Murray Recile & Hayes, LLP
One Galleria Blvd., Suite 1100
Metairie, LA 70001

       COUNSEL FOR PLAINTIFF/APPELLANT

Matthew D. Monson
John C. Henry
Patricia C. Upton
Rachel L. Flarity

John D. Mineo, IV
Kyle C. Matthias
Lauren A. Lam
Erin W. Berggren
Kyle C. Mathias
Rowan W. Stoehr
Austin T. Welch
The Monson Law Firm, LLC
5 Sanctuary Boulevard, Suite 101
Mandeville, LA 70471

Sean P. Mount
Bryce M. Addison
Megan D. Champagne
Deutsch Kerrigan, LLP
755 Magazine Street
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE


**REVERSED AND REMANDED**
**February 25, 2025**

RLB

SCJ

KKH

Patricia Jones ("Jones") appeals the dismissal of her tort suit on motion for summary judgment. She was injured while traversing her yard to deliver work gloves and a screw driver to her contractor's employees. For the reasons below, we reverse the trial court's summary judgment and remand for further proceedings.

***Facts and procedure***

Jones hired the defendants/appellees ("Appellees" *in globo*) to elevate her home. While performing the work, the workers called upon her multiple times for assistance with their work. On one of those occasions, she delivered a screwdriver. As she was returning to her home, she was asked to bring work gloves as well. She was returning to her house to get the gloves when she stepped over a concrete pouring pipe. According to her petition and her deposition, she felt something hit her forcefully in the back immediately after she stepped over the pipe. The force propelled her forward where she hit the ground, sustaining several injuries.

The central argument by Appellees in their motion for summary judgment is that Jones cannot prove what hit her. We find no merit in that argument. Defendants

1

rely wholly on the following excerpts from Jones' deposition to support their argument:

Q.: Okay, when did you fall?

A.: I proceeded back inside. And when I stepped over the cement hose out on the sidewalk, as soon as I stepped down, a force just knocked me down to the sidewalk.

Q.: So do you know what caused you to fall down?

A.: I just felt a strong force that knocked me down.

Q.: When you say "you felt a strong force," what—on what part of your body did you feel this force?

A.: On my lower back.

Q.: On your lower back?

A.: Yeah.

Q.: And you fell forward?

A.: I fell forward on my face, my knees, my hands, my mouth, and right on the sidewalk.

Q.: Had you already stepped over the concrete hose when this took place?

A.: I had just stepped over the hose and when—

…

[Q.:] One foot or two?

A.: I had one foot, and then the second foot, and then just, boop.

…

[Q.:] so you had completely stepped over—both feet over the hose when you fell to the ground?

A.: I'm quite sure I had brought down the other foot. I brought down the other foot and didn't have time to move.

Q.: Did you step over it initially with your right foot or your left foot?

A.: Initially with my left foot.

…

Q.: And the hose that you tripped over, the concrete hose, do you recall what it looked like?

A.: I didn't trip.

Q.: What do you think happened when you fell? What do you think caused you to fall?

A.: The cement hose had to hit me.

Q.: Okay, when you said—

A.:  Because there was a force.

Q.:  When you said "had to hit you," what do you mean?

A.:   I was right by the cement hose.  I stepped right over the cement hose and the next thing I know I was on the sidewalk, face down on the sidewalk.

Depending on how one understands Jones' testimony, one might argue that she is testifying that she doesn't know what happened.  She clearly believes the hose knocked her down, and her testimony also may reasonably be understood to mean that she knows the hose imparted the "force" she felt.  Under applicable law, there is only one way to interpret her testimony.  "Both the evidence and all inferences drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in his favor." *Hebert v St. Paul Fire and Marine Ins. Co.,* 1999-0333 (La. App. 4 Cir. 2/23/00), 757 So. 2d 814, 816.   Our court confirmed this principle most recently in *Georgusis v. Minyard*, 2024-0243, p.4 (La. App. 4 Cir. 11/20/24), ___ So.3d ___, 2024 WL 4834913, at 2:

> A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Jones*, 22-0154, p. 14, 350 So.3d at 979. *A genuine issue is one as to which reasonable persons could disagree*; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Id.* (emphasis added).

If the problem is credibility, not interpretation, the law is equally clear.  The Supreme Court has held:

> In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

3

*Hines v. Garrett*, 2004-0806, p.1 (La. 6/25/04), 876 So. 2d 764, 765.

### *Conclusion*

As with all summary judgments, we review the district court's judgment *de novo*. An appellate court must ask the same questions as the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p.26 (La. 7/5/94), 639 So. 2d 730, 750. When read in the proper legal light, the transcript actually makes the case for Jones, not the Appellees. The trial court erred in holding otherwise. Therefore, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**